WILLIE HAROLD LOVE *v.* STATE OF INDIANA.

[No. 572A221. Filed August 27, 1973.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry L. Sauce, III,* Deputy Attorney General, for appellee.

WHITE, J.—This is the second appeal of judgment denying post conviction relief. The first appeal went to the Indiana Supreme Court and resulted in an opinion in which the mandate read:

> "We reverse and remand this cause with directions to proceed in accordance with the instructions given above."[1]

The "instructions given above" are quoted in the Supreme Court's opinion denying petition for rehearing, which opinion we quote in full as follows:

> "This petition for rehearing questions the last part of our decision in which we stated:
>
> > 'Clearly the court was required to make specific findings in this case, but we are able to discern no specific findings concerning what happened during appellant's first twenty-four (24) hours after arrest. We therefore remand this case to the court below to make specific findings of fact and conclusions of law on the issue of whether appellant's

---

1. *Love* v. *State* (1971), 257 Ind. 57, 272 N.E. 2d 456, 458, 26 Ind. Dec. 585, 587.

constitutional rights were violated during the first twenty-four (24) hours of his incarceration, namely whether he was properly advised of his rights per Miranda v. Arizona (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 and whether he was informed of his right to counsel during the line-up per United States v. Wade (1967), 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149.' 272 N.E.2d at 458.

"Petitioner contends that *Miranda* and *Wade* are not directly material to this proceeding. We agree with this contention. The question left undecided by the special findings of fact is whether the appellant's guilty plea was knowingly and voluntarily given. It is true, of course, that denial of rights under *Miranda* and *Wade* may well be factors in the determination but the ultimate fact to be ascertained in these post-conviction proceedings is whether the plea of guilty was knowingly and voluntarily given. This Court cannot agree with petitioner that the trial court's findings sufficiently answer this question. We thus still maintain that the cause must be remanded to make *specific* findings of fact and conclusions of law on the issue of whether the plea of guilty was voluntarily, knowingly, and freely given.

"Petition denied."[2]

Thereafter the trial court made the following entry (caption omitted):

"In accordance with the mandate of the Supreme Court of Indiana in the certified opinion dated October 20, 1971, under No. 1070 S 249, this Court makes the following supplemental specific findings of fact:

"1. The defendant's plea of guilty was voluntarily, knowingly, and freely given.

"2. The defendant was specifically and fully advised of his rights by this Court, before acceptance of his plea, as shown by the transcript on plea of guilty.

"3. The defendant did not plead guilty because of any threats or promises that had been made to him.

"4. That after consultation with his attorney and after being advised of his rights by the Court, the defendant pleaded guilty because he believed such plea to be in his own best interests."

2.   257 Ind. at 307, 274 N.E. 2d at 239, 27 Ind. Dec. at 258.

This entry fails to comply with the Supreme Court's mandate in that: (1) It is not a finding of *specific* facts, but is a statement of conclusions, or at best, of ultimate facts. (2) It wholly ignores "what happened during appellant's first twenty-four (24) hours after arrest."[3]

The supplemental findings fit the United States Supreme Court's description in *Schneiderman* v. *United States* (1943), 320 U.S. 118, 129, 63 S. Ct. 1333, 1338, 87 L. Ed. 1796, of trial court findings therein which it said "are but the most general conclusions of ultimate fact. It is impossible to tell from them upon what underlying facts the court relied. . . ."

While the Indiana Supreme Court's opinion of August 25, 1971, did not directly concern itself with the want of factuality and specificity in the trial court's findings it did express doubt whether, indeed, there were any *specific* findings of fact. (272 N.E.2d at 457.) It also made clear that the reason for requiring *specific findings of fact* is to inform the appellate court of "the basis of the trial court's decision so that on review the appellate court may more readily understand" it. (Id. at 458.) This is the same purpose served by the findings of fact required of administrative decision makers. Such findings must be specific enough to make intelligent review possible. *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 64, 245 N.E.2d 337, 343, 16 Ind. Dec. 704, 711; *Transport Motor Express, Inc.* v. *Smith* (1972), Ind. App., 289 N.E.2d 737, 750, 34 Ind. Dec. 42, 53.

In *Kelley* v. *Everglades Drainage District* (1943), 319 U.S. 415, 420, 63 S. Ct. 1141, 1144, 87 L. Ed. 1485, 1488, speaking of determinations the trial court should have made, the court said:

"To support such determinations, there must be findings, *in such detail and exactness as the nature of the case permits* of subsidiary facts on which the ultimate conclusions of fairness can rationally be predicated. . . . It may be that

3. 272 N.E. 2d at 458, 274 N.E. 2d at 239.

adequate evidence as to these matters is in the present record. On that we do not pass, for it is not the function of this court to search the record and analyze the evidence in order to supply findings which the trial court failed to make". (Our emphasis.)

Instead of again reversing and remanding we shall attempt to expedite a decision on the merits by retaining jurisdiction and directing the trial court to make and certify to us a specific finding of facts which fully complies with the requirements of Rule PC 1 (F)[4] and the mandate of the Indiana Supreme Court.

It is obvious that what the Indiana Supreme Court said in its opinion denying the petition for rehearing has been interpreted by the trial court as a modification of the earlier mandate. We do not so interpret it.

We understand the supplemental opinion to say that while *Miranda* and *Wade* are not directly material to this proceeding, denial of the rights they guarantee may well be factors in determining the ultimate fact of whether the guilty plea was knowingly and voluntarily given. In other words, what happened during appellant's first twenty-four hours after arrest *may*, when viewed in light of *Miranda* and *Wade,* have rendered unknowing, involuntary, or coerced a subsequent plea of guilty. It is certainly not unreasonable to suppose that an accused person, ignorant of his *Miranda* and *Wade* rights, who has been identified in a line-up and has signed a confession may believe the only practical option open to him is to plead guilty. If, however, his confession was taken and his identification made in violation of his *Miranda* and *Wade* rights he may have had options of which he was ignorant. The possibility that factors of that nature could have affected the plea in this case appears to be what the

---

4. In pertinent part the rule reads: "The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held."

Supreme Court had in mind when it said that the trial court's findings of fact did not sufficiently answer the question of whether denial of rights under *Miranda* and *Wade* were factors in whether appellant's guilty plea was knowingly and voluntarily given. It was for that reason, as we read it, that the court still maintained "that the cause must be remanded to make *specific* findings of fact and conclusions of law on the issue of whether the plea of guilty was vountarily, knowingly, and freely given." (274 N.E.2d at 239. Emphasis by the Supreme Court.) This was not a retreat by the Supreme Court from its earlier mandate to the trial court "to make specific findings of fact and conclusions of law on the issue of whether appellant's constitutional rights were violated during the first twenty-four (24) hours of his incarceration". (Ibid.)

The trial court is now directed to make, in conformity with this opinion, and to certify to this court, with copies to the Attorney General, the Prosecuting Attorney, the Public Defender of Indiana, and the petitioner-appellant, the specific findings of fact and conclusions of law which the Supreme Court of Indiana directed it to make in its opinions of August 25, 1971, and October 20, 1971, in the prior appeal of this cause. Within thirty days after such certification the appellant may file in this court a supplemental brief. Within twenty days after service of appellant's supplemental brief, or within twenty days after service of notice of waiver of right to file supplemental brief, or, if no such brief or waiver is served on appellees, within fifty days after certification of the finding of facts, appellees may file supplemental answer briefs. This Court retains jurisdiction of this appeal for final disposition after these directions are executed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 300 N.E.2d 693.