RONALD FLOYD KING *v.* STATE OF INDIANA.

[No. 1-673A115. Filed August 7, 1974.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Larry A. Landis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert E. Dwyer*, Deputy Attorney General, for appellee.

LOWDERMILK, J.—This is an appeal from the denial of a motion to correct errors based on the denial of a petition for post conviction relief under Rule PC. 1. Defendant-appellant King was convicted of the crime of robbery and sentenced to a term of not less than 10 nor more than 25 years. King's conviction was based on his plea of guilty to the crime of robbery as charged.

The first issue in this appeal is whether the finding of the trial court that King received effective, adequate representation by his court appointed attorney was erroneous. King contended in his petition for post conviction relief that his trial counsel was ineffective. King argued that his version of the events which led to his conviction and the version of the victim were essentially the same and differed only in minor details. It is King's position that both stories led to the conclusion that King was not guilty of robbery. The incident from which the robbery conviction is based also could have led to charges of rape and kidnap, although neither of these offenses were charged.

At the hearing on the petition for post conviction relief King's trial counsel stated that although the versions of the incident as related by King and by the victim were substantially the same, there was evidence which led the attorney to believe that King was guilty of robbery. The attorney further testified that he advised and consulted with King throughout the proceedings and that King was satisfied with his advice.

At the arraignment the trial court specifically asked King

if he had been advised of his rights by his counsel and if he was satisfied with that advice. King answered each question in the affirmative. At the post conviction relief hearing King stated that he remembered his affirmative answers to the questions of the trial court at the arraignment and stated that it was not until he had been sent to prison that he became dissatisfied with the advice of his trial attorney.

King also complains that he was forced to submit to an unconstitutional line-up and that his attorney failed to file a motion to quash or even advise King that such a motion was available.

In the case of *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499, our Supreme Court held that a post conviction proceeding is in the nature of a civil action and that the unsuccessful petitioner is therefore appealing from a negative judgment. Thus, our Supreme Court reasoned that the court on appeal could consider only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom and the decision of the trial court could only be reversed if the evidence is without conflict and leads to an opposite conclusion than that reached by the trial court. The trial judge is the trier of fact and it is his sole duty to weigh the evidence and the credibility of the witnesses.

The issue of competency of counsel arises frequently in post conviction appeals. The tests to be applied in determining whether counsel competently represented a criminal defendant were stated in the case of *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, 696, as follows:

"This court has previously held that 'there is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption.' [Citing cases.]

The mere fact that another attorney might have conducted the defense differently is not sufficient to require a reversal. . . . Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless,

taken as a whole, the trial was a mockery of justice. . . . Appellant's own citations of authority establish that a reviewing court should look to the 'totality of circumstances' to determine whether or not trial counsel was competent. . . . A reviewing court ought not second guess matters of judgment or trial strategy or even mistakes. A poor result alone does not amount to denial of adequate assistance of counsel. . . ."

In the case at bar it is our opinion, after examining the record, that King has failed in his burden of proof to show that he was not properly represented at trial. The conduct of defense counsel, when taken as a whole, does not show that the trial was a mockery of justice and it is not the position of this court to arbitrarily review the trial tactics or strategies of counsel. For this reason the decision of the trial court in denying that portion of the petition for post conviction relief which related to incompetent counsel is affirmed.

The second issue presented in this appeal is whether the record shows a sufficient factual basis to support the plea of guilty. King argues that after the plea of guilty had been entered at the arraignment the examination by the trial court to ascertain the factual basis for the guilty plea showed that King did not believe himself guilty of robbery. King urges that when he professed innocence it was indicative that his guilty plea should not have been accepted by the trial court.

It is our opinion that King's argument in this regard must fail. The evidence is sufficient to support a plea of guilty. King entered a private home through trickery and accepted money from an 80 year old woman by putting her in fear. The fact that King later expressed some doubt as to his guilt will not be sufficient cause to set aside the verdict of the trial court. In the case of *Boles* v. *State* (1973), 261 Ind. 354, 303 N.E.2d 645, 653, Justice Hunter of our Supreme Court stated that when a defendant is advised of the rights he is waiving by pleading guilty, and the plea is voluntarily, freely, and knowingly given and ac-

companied by overwhelming evidence of the defendant's guilt, then subjective motivation behind such a plea will not render it defective. Justice Hunter further stated that subsequent contentions of innocence were not sufficient without supporting evidence to attack a previously entered plea of guilty. Our Supreme Court quoted from the case of *Brady* v. *United States* (1970), 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, as follows:

> " '. . . the pleas are no more improperly compelled than is the decision by a defendant at the close of the State's evidence at trial that he must take the stand or face certain conviction.'
>
> Furthermore, the voluntariness of a guilty plea is not rendered constitutionally defective merely because a criminal defendant denies commission of the crime charged. . . . The factors which motivated the appellant to plead guilty are not material, so long as we can ascertain from the record that his guilty plea was entered freely, voluntarily and knowingly. . . ."

Thus, it is our opinion that King's subsequent protestation of innocence will not be sufficient to set aside his plea of guilty when the evidence clearly supports the decision of the trial court in accepting such a plea.

The third issue presented in this appeal is whether the trial court erred in sustaining the State's motion for summary disposition of the issue of whether King's guilty plea was understandingly, intelligently, and voluntarily made. King's amended petition for post conviction relief alleged that he was coerced into pleading guilty by the actions of the State and of his attorney. The petition contained supporting facts which stated, generally, that his trial attorney had told him that he should plead guilty or he would be prosecuted for rape and kidnapping. King also stated that the actions of the State in holding an unlawful line-up as well as the actions of his attorney led him to believe that he could not receive a fair trial on the merits and that he should plead guilty. When King was first brought before the trial court in company with his court appointed attorney he did not

enter a plea at that arraignment, but expressed certain confusion in his own mind as to his intentions and was granted time to think over his decision. Several days later another arraignment was held at which King entered his plea of guilty to the crime of robbery, with his attorney present. King stated in his petition that in the intervening period between arraignments the sheriff was visibly disturbed that King had not entered a guilty plea and misled King to believe that he could receive a suspended sentence if he would plead guilty.

For these reasons King alleged in his petition that his guilty plea was not understandingly, intelligently, and voluntarily made and his waiver of his constitutional rights which flowed from his guilty plea was tainted.

The record discloses that the trial judge at the arraignment went to great lengths to inform King of his constitutional rights and the consequences of a plea of guilty. However, this is not the issue to be determined in this appeal. The issue is whether the trial court erred in summarily denying King's petition without holding an evidentiary hearing, pursuant to Rule PC. 1 § 4f.

Rule PC. 1 § 4f permits the trial court to grant a motion for summary disposition of the petition when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. However, said Rule further states as follows:

"If an issue of material fact is raised, then the court *shall* hold an evidentiary hearing as soon as reasonably possible." (Our emphasis.)

In the case of *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872, Justice Givan held that under the post conviction rules the petitioner has the burden to establish his grounds for relief by the preponderance of evidence. One of the issues in *Kelly* was whether the defendant had proved that he did not knowingly, freely, and intelligently enter his plea of guilty. It was the petitioner who had the burden of proof to show that his plea of guilty was not intelligently made. It is sig-

nificant in *Kelly* that a hearing on the post conviction remedy was held in which the defendant was given the opportunity to establish his case.

In the case of *Love* v. *State* (1973), 157 Ind. App. 413, 300 N.E.2d 693, this court discussed the issue of whether a guilty plea was intelligently made and discussed an earlier appeal by the same defendant to the Supreme Court wherein the Supreme Court had remanded the action to the trial court to make specific findings of fact on the issue of whether the plea of guilty was voluntarily, knowingly, and freely given. Thus, it is clear that it is a question of fact and not of law whether a guilty plea is voluntarily and freely given. This being the case it is inherently improper to grant summary disposition on this issue. In the case at bar the petition for post conviction relief firmly put the matter at issue. The State, in addition to its motion for summary disposition, denied the allegations of the petition on this issue.

In the case of *Tooley* v. *State* (1973), 156 Ind. App. 636, 297 N.E.2d 856, Judge Lybrook of this court held that summary judgment cannot be granted where it is necessary to weigh the evidence and make a finding of fact. This court found that where an issue of fact exists an evidentiary hearing must be held before a decision can be made.

Additionally, the record discloses that the trial court entered judgment granting the State's motion for summary disposition of the constitutionality of King's guilty plea. An examination of that judgment discloses that the trial court did not make findings of fact and conclusions of law thereon. Rule PC. 1, § 6, Judgment, states that a trial court shall make specific findings of fact and conclusions of law thereon on all issues presented in the petition, whether or not a hearing is held. In the case of *Love* v. *State* (1971), 257 Ind. 57, 272 N.E.2d 456, our Supreme Court remanded the case to the trial court for the reason that the trial court had not made sufficient findings

of fact and conclusions of law. The Supreme Court stated that without such findings in a post conviction relief proceeding, it was impossible for the reviewing court to know the basis upon which the proceeding was denied. The court further held that it was mandatory that the trial court find the facts specially and state its conclusions of law thereon.

For the above stated reasons the trial court erred when it granted summary disposition on the guilty plea issue by not holding a hearing on the petition, as required by Rule PC. 1 § 4f, and also erred in not making and entering special findings of fact and conclusions of law thereon as provided in Rule PC. 1, § 6.

The remaining issue in this appeal is whether the sentence imposed on King was erroneous. King, in his petition for post conviction relief, alleged that the sentence of not less than 10 nor more than 25 years was erroneous and the trial court ruled upon this issue when it granted the State's motion for summary disposition. This issue was not raised in the motion to correct errors but King has asked this court *sua sponte* to correct his sentence for robbery. The State has not seriously contested King's argument and the only argument posed by the State on this issue is that King should not be released from prison because of the improper sentence. We are required to correct an improper sentence when it appears in the record, even though the issue was not raised in the motion to correct errors. *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822.

King was sentenced under the robbery statute on February 6, 1970. Under the holdings in the cases of *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N.E.2d 828 and *LeFlore* v. *State* (1973), 157 Ind. App. 291, 299 N.E.2d 871, the proper sentence in the case at bar should have been for an indeterminate term of not less than 5 nor more than 25 years.

This cause is affirmed as to issues one and two; is reversed on issue three and remanded for further proceedings not

inconsistent with this opinion; and issue four is remanded to the trial court with instructions to correct the sentence to an indeterminate term of not less than 5 nor more than 25 years.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 314 N.E.2d 805.