GEORGE AIKENS *v.* STATE OF INDIANA.

[No. 2-873A183. Filed November 21, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

WHITE, J.—This is an appeal from a judgment dismissing petitioner's *second* petition for post-conviction relief.[1] No hearing was held. The court sustained a written motion by the State which asserted that the "petition fails to state a claim upon which relief can be granted." The motion's memorandum pointed out that "Petitioner alleges no reasons why the instant grounds were not completely asserted in the first Petition." We affirm.

The first post-conviction relief petition was prepared *pro se* (or in the prison "writ room") and was filed September 5, 1972,on the standard form prescribed by, and furnished pursuant to, Rule PC. 1, § 3. Paragraph 8 of that form requests the petitioner to: "State concisely all of the grounds known to you for vacating, setting aside or correcting your conviction and sentence. (See Rule PC. 1, Sec. 1a)". Also, the petition's verifying affidavit which purports to have been "[s]ubscribed and sworn to" by appellant states that the Petition "includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this motion". The grounds stated in that petition related solely to the fact that petitioner had been sentenced to a term of one year to ten years, instead of one year to five years, on conviction for entering with intent to commit a felony. When that petition was heard the petitioner was represented by a privately employed attorney and the sentence was corrected to one-year-to-five years. No mention was made of other grounds for additional relief or that petitioner would have asked for additional relief if he could have retrieved certain affidavits from a prior attorney.

The second petition was also drafted and filed *pro se.* Its grounds relate to and are based on two affidavits (copies of which are attached thereto as exhibits) which bear dates of

---

1. This second petition, although denominated in its caption as, "Consolidated Petition for Writ of Habeas Corpus and Motion to Set Aside Judgment and Vacate Sentence", alleges that "petitioner is proceeding pursuant to Indiana Post-Conviction Rule 1, but the necessary PC-1 Form is not available at this time at the Indiana State Prison."

August 29, 1971 and September 1, 1971, both dates being one year prior to the filing date of the first petition. The affiants are fellow prisoners. One affiant swears he testified falsely against petitioner at his criminal trial and the other says he was a fugitive at the time of the trial but at a new trial he will testify favorably to petitioner.

The trial court's record shows that a copy of the second petition was "sent" (by what means is not specified) to the Indiana State Public Defender's office on March 9, 1973, but the Public Defender apparently never received it and entered no appearance until after the State's motion to dismiss had been filed on March 19, 1973, and had been sustained on the same day.

Although the motion to dismiss filed by the State and sustained by the court is not a motion expressly provided for in Post-Conviction Relief Rule 1 but is in the form of a Trial Rule 12(B)(6) motion, the appellant does not question the propriety of such a motion. Instead the motion to correct errors, drafted and filed by the State Public Defender after petitioner contacted her office by mail demanding representation, asserts as "error" only that

"1.   An employee of this Court failed to refer the . . . petition to the Public Defender of Indiana at the time of filing. . . .

"2.   This Court erred in sustaining the State's MOTION TO DISMISS . . . without providing an opportunity for this *pro se* petitioner to establish reasons why the new grounds were not earlier asserted, and so not waived, or barred for presentation in a subsequent petition under Rule P.C. 1."

The motion to correct errors also recited the following facts which are claimed to constitute the reasons the new grounds were not earlier asserted, and so not waived:

"Had the Public Defender been representing Aikens at the time when the State filed its motion to dismiss, an attorney would have conferred with him and had the petition amended to show reasons why the said affidavits were not

presented at the time of the original petition, as said office attempted to do by letter dated May 4, 1973, here attached and marked Exhibit B. The attached handwritten three-page affidavit, marked Exhibit C states that the affidavits were obtained after the trial and entrusted to Attorney Palmer K. Ward who did not use them in connection with a motion for new trial, and did not respond to calls when Aikens was returned to Marion County for hearing on the first post-conviction petition which Aikens intended to amend himself after regaining possession of the affidavits. Aikens was then represented by Attorney Popcheff who promised to get the same from Attorney Ward who said that he had given his copies of the affidavits to Aikens' wife who said that she had sent them to the Indiana Parole Board. They not being available, Aikens accepted sentence correction without amending the post-conviction relief petition; but, after returning to prison, he wrote to Attorney Burton about getting a divorce from the wife who 'let Aikens down' by not producing the affidavits when needed, and Atty. Burton said that he had saved copies, which he sent to Aikens by letter dated January 23, 1973, attached and marked Exhibit D.

"It being well-established that Aikens did not waive his right to present new evidence to this Court during the original post-conviction relief proceedings, it was prejudicial error for this Court to have disposed of the second post-conviction petition by dismissing same."

The petitioner's affidavit (above mentioned) goes into even greater detail concerning his long frustrating pursuit of the witness-affidavits but adds nothing significant to the above summary. Assuming these facts to be true, all they establish is that petitioner did all he could to regain possession of the witness-affidavits and that he filed his second petition as soon as he was able to get his hands on copies of the affidavits. They present no reason at all for petitioner's failure to include the grounds of the second petition in the first petition, even though he could not attach the affidavits, and no reason why he did not bring up at the hearing on the first petition the contention that he had this additional ground for relief.

If, for any reason, it was error for the trial court to dismiss the petition, and it may have been (see *King* v. *State*

[1974], 161 Ind. App. 196, 314 N.E.2d 805), the motion to correct errors fails to show that the error was prejudicial. On the contrary, it discloses that the ultimate result would be the same if the dismissal were set aside and the petitioner were permitted to amend his petition. The court would still be unable to find in the amended petition "a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition." (See PC. Rule 1, § 8.)

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 319 N.E.2d 165.