**Curtis OWENS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 181S15.

Supreme Court of Indiana.

Oct. 5, 1981.

Yvonne F. Watkins, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Curtis Owens pled guilty to one count of murder, Ind.Code § 35–42–1–1 (Burns 1979 Repl.), two counts of armed robbery, Ind. Code § 35–42–5–1 (Burns 1979 Repl.), and one count of attempted robbery, *Id.*, and Ind.Code § 35–41–5–1 (Burns 1979 Repl.). The trial court accepted his plea and sen-

tenced him to concurrent terms of forty years, ten years, ten years, and thirty years, respectively. In his direct appeal, he challenges the validity of his guilty plea through interrelated and overlapping allegations of error:

1. Whether the trial court erred when it refused to permit defendant to withdraw his guilty plea by reason of defendant's denial of particular factual allegations recited by the state; and

2. Whether the trial court erred when it refused to permit defendant to withdraw his guilty plea after he espoused his innocence of the murder and robbery charges.

The allegations to which defendant pled guilty charged him with the robberies of Charles Woods and Oscar Vaughn, as well as the attempted robbery and murder of Luther Woods on September 28, 1979, in Marion County, Indiana.

Due to the inter-related nature of defendant's contentions, we consolidate them for purposes of discussion.

The record of the hearing wherein defendant entered his guilty plea reveals a full advisement of defendant's constitutional and statutory rights prior to the entry and acceptance of the plea. In addition, the record reveals that near the outset of the proceeding, the court read aloud the factual allegations contained in each count of the charging information. Thereafter, the court inquired as to the factual basis for the plea. The state responded with a monologic factual recitation of the events of September 28, 1979, which had prompted the charges against defendant. After deputy prosecuting attorney Ressler had closed, defense counsel Watkins immediately objected, and the following colloquy occurred:

MS. WATKINS: "Your Honor, at this time we are going to object to the Prosecutor's rendition of the facts and ask that she read the facts from the capias information sheet, due to the fact that some of the things that she has alluded to—I was there when we talked with the witnesses and it was not correct."

THE COURT: "All right, do you have a ..."

MS. WATKINS: "And we'd ask that she read it ..."

THE COURT: "... specific instance?"

MS. WATKINS: "... from the capias information sheet."

THE COURT: "Would you rather just the facts from ..."

MS. WATKINS: "I'd rather have her read it from the capias information sheet."

THE COURT: "All right, do you want the witnesses ..."

MR. COOK: "Judge, that is a rather untimely objection, I would think, the factual basis being given ..."

MS. WATKINS: "Well, we're objecting to the, some of the things that she has said in that factual basis and we would ask that she read it from the capias information sheet. And I don't see that that is going to cause any problem with the Court's record."

MR. COOK: "It just wastes the Court's time."

MS. WATKINS: "It's not a waste of time when we've got a man entering a guilty plea."

We agree with defense counsel Watkins that few matters are a waste of time when a defendant is entering a guilty plea. Generally attended by an extended deprivation of liberty, the entry of a plea of guilt is a "grave and solemn act" to be accepted by the trial court "only with care and discernment." Brady v. United States, (1970) 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756; see, also, Boykin v. Alabama, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; Stowers v. State, (1977) 266 Ind. 403, 363 N.E.2d 978.

■ We disagree, however, with Watkins's suggestion that the simple reading of the "capias information sheet" would generally not cause "any problems" with the trial court's records. The statements contained in the charging instrument are merely allegations. The statutory requirement of Ind.Code § 35–4.1–1–4 (Burns 1979 Repl.) that the trial court satisfy itself that a factual basis for the plea exists is designed

to insure there is evidence to support defendant's professed guilt. *Statements* of fact and evidence, rather than *allegations* of fact, satisfy the requirements. *Boles v. State* (1973) 261 Ind. 354, 303 N.E.2d 645; *Anderson v. State*, (1979) Ind.App., 396 N.E.2d 960.

■ Here, the trial court properly was not satisfied with the simple recitation of the allegations contained in the information; the court properly requested Detective R. C. Green of the Indianapolis Police Department testify as to his knowledge of the facts surrounding the offenses charged. His testimony revealed that on September 28, 1979, defendant took United States currency from both Charles Woods and Oscar Vaughn at gunpoint. His testimony also revealed defendant shot Luther Woods when Woods refused to give him money, and that Woods died as a result of his wounds.

Following Green's testimony, the court engaged defendant and his counsel in the following colloquy:

THE COURT: "Okay. Do you want to tell me in your own words what happened or is what they say, is that substantially what happened?"

MS. WATKINS: "Substantially, Your Honor. I think he wants to comply with the capias information sheet."

THE COURT: "All right."

MS. WATKINS: "You'll have to answer yourself."

THE COURT: "Is that correct?"

MR. OWENS: "Yes."

THE COURT: "Okay, then, you don't want to tell the Court in your own words what happened?"

MS. WATKINS: "No, Your Honor."

MR. OWENS: "No."

THE COURT: "All right. And what they said was substantially correct."

MS. WATKINS: "Yes."

THE COURT: "All right. Do you have any questions?"

MISS RESSLER: "No, Judge."

THE COURT: "All right. Mr. Owens, have any promises, threats or force been used to make you plead guilty?"

MR. OWENS: "No."

THE COURT: "Have you pleaded guilty of your own free will?"

MR. OWENS: "Yes."

The trial court then took defendant's plea under advisement and scheduled a second hearing. The court indicated that, contingent upon its acceptance of the plea, sentencing would occur at the hearing, which was scheduled for a date approximately three weeks hence.

It was midway through that second hearing when the trial court formally accepted defendant's plea. Prior to the court's acceptance of the plea, defendant orally requested the court permit him to withdraw his guilty plea. In support of defendant's request, defense counsel alluded to the confusion over the prosecutor's recitation of the facts at the previous hearing and indicated her client now professed his innocence. The relevant portions of the transcript read:

MS. WATKINS: "Yes, Your Honor. The Probation Department contacted me in the course of making their pre-sentence investigation and informed me that my client wanted to see me at the Marion County Jail and I went over to see him and he informed me at that time that he wished to withdraw the Guilty Plea and have the cause re-set for trial."

THE COURT: "For what reason, Miss Watkins?"

MS. WATKINS: "Your Honor, he feels that under certain of the circumstances, especially on the Robbery count and the Murder First Degree that he's Not Guilty."

THE COURT: "I thought we went through all the facts and heard testimony and he was advised of his rights. Were there any rights that he wasn't advised of?"

MS. WATKINS: "No, Your Honor, not to my knowledge, there were none that he was not advised of."

THE COURT: "Do you feel like there was a factual basis for the plea?"

*MS. WATKINS*: "I feel there was although there was some confusion as to the factual basis, Your Honor, which was presented by the prosecutor's office. My client is stating to me that he is Not Guilty of the Robbery and wants to take a polygraph exam which I have tried to set up with a private polygraph examiner."

\*     \*     \*     \*     \*     \*

*MS. WATKINS*: "Your Honor, in response I'd like to say that the Guilty Plea was taken under advisement at that time. And during the interim after discussing it with my client he feels that he would like to have the case tried, and would like to have a trial by jury and feels that as to the robbery, especially, and as to First Degree Murder, he is not Guilty."

The trial court then refused to permit defendant to withdraw his guilty plea, accepted the plea, and sentenced him for the various offenses.

■ The withdrawal of a properly entered guilty plea is governed by Ind.Code § 35–4.1–1–6(b) (Burns 1979 Repl.). Subsection "(b)" reads:

"After entry of a plea of guilty but before imposition of sentence, upon motion of the defendant the court may allow the defendant to withdraw his plea of guilty for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. *The motion to withdraw the plea of guilty made pursuant to this subsection shall be in writing and verified. The motion shall state the facts in support of the relief demanded* and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice." [Emphasis added.]

Defendant's motion to withdraw his guilty plea was neither tendered "in writing" nor "verified." Technically, defendant has waived his assertions regarding the trial court's refusal to permit his withdrawal of the plea. *Id.* The plea had been formally "entered" by defendant three weeks earlier, at the close of the hearing; only the "acceptance" had been delayed so that the court might satisfy itself that a factual basis existed for the plea.

■ Due to the grave and constitutional implications which surround the entry and acceptance of a guilty plea, however, we turn to the merits of defendant's assertions. *Brady v. United States, supra; Hathaway v. State*, (1968) 251 Ind. 374, 241 N.E.2d 240. The question whether a defendant should be permitted to withdraw a guilty plea, once it has been formally entered, is a matter addressed to the sound discretion of the trial court. Ind.Code § 35–4.1–1–6(b), *supra; Thacker v. State*, (1970) 254 Ind. 665, 262 N.E.2d 189; *Hathaway v. State, supra.*

■ Here, there is no evidence to support a conclusion that the trial court abused its discretion in overruling defendant's motion to withdraw his plea. Defendant's statements at the second hearing in support of his motion were very general in nature. Counsel for defendant alluded generally to the prior "confusion" over the prosecutor's recitation of facts, but the record of the previous hearing reveals that defendant accepted as true the facts alleged in the charging instrument. Nor did the defendant dispute the testimony of Police Officer Green prior to the entry of his plea. Defendant's protestation of innocence at the second hearing was also general in nature and in no way sustained his burden to show by specific facts that he should be permitted to withdraw his plea. Ind.Code § 35–4.1–1–6(b), *supra; Hathaway v. State, supra; Anthony v. State*, (1976) 169 Ind.App. 314, 348 N.E.2d 60; *King v. State*, (1974) 161 Ind.App. 196, 314 N.E.2d 805.

Defendant concedes he was properly advised of his rights prior to the entry of his plea. Officer Green's testimony established a factual basis for the plea. In the face of these facts, it cannot be said the trial court abused its discretion when it refused to

permit him to withdraw the plea on the basis of his general statements. *Id.*

For the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.