WILLIE HAROLD LOVE *v.* STATE OF INDIANA.

[No. 1070S249.  Filed August 25, 1971.]

*Mrs. Harriette Bailey Conn,* Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a denial of appellant's petition for post-conviction relief. Appellant pleaded guilty to the offense of "robbery while armed with a revolver" on September 28, 1969. On October 3, 1969, appellant was sentenced to the Indiana Reformatory for ten (10) years. On March 25, 1970, appellant filed his petition for post-conviction relief. A hearing was held on May 20, 1970, and there was a finding that appellant had not sustained his burden of proof. Findings of fact and conclusions of law were filed June 5, 1970, and appellant filed a motion to correct errors on July 30, 1970, which was overruled.

Appellant claimed in his petition for post-conviction relief that he was denied his constitutional rights when the Indianapolis police held him twenty-four (24) hours without advising him of his rights and without the counsel of an attorney.

The court's specific findings of fact on this issue, if indeed there were any, were as follows:

"3 (C)    There was no illegality in the guilty plea proceedings or in the evidence adduced at said proceedings."

Appellant then filed a motion to correct errors in which he stated,

"While the Court finds in 3 (C) that 'There was no illegality in the guilty plea proceedings or in the evidence adduced at said proceedings,' it makes no finding concerning what happened in the twenty-four hours before defendant first appeared in Court with his attorney, . . . during which period he was allegedly identified in line-up of several white persons and several dark-skinned Negroes as well as this defendant-movant who is a Negro much lighter complected than others of his race then viewed. During such line-up, he was asked to turn right and to turn left. No others were so requested.

. . .

Defendant-movant waived his right to trial by jury with his attorney by his side, and he had such attorney with him at the time that he entered his plea . . .; but he did not have the advice of counsel when first identified by complaining witnesses, and he had not, at such time, been advised that he had such constitutional right, if ever so advised."

We agree with appellant that no specific findings of fact were made by the court concerning the alleged denial of constitutional rights during the initial twenty-four (24) hours of his incarceration.

The court was required to make specific findings as commanded in P.C. 1 (F) :

"The *court shall make specific findings of fact,* and conclusions of law *on all issues presented,* whether or not a hearing is held. If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings, and any supplementary orders as to arraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be

necessary and proper. This order is a final judgment." (our emphasis)

See also, *People* v. *Hamby* (1965), 32 Ill. 2d 291, 205 N. E. 2d 456; *State* v. *Williams* (1966), 8 Ohio App. 2d 135, 220 N. E. 2d 837. Both of these cases require special findings of fact in post-conviction relief proceedings. Without such findings we do not know the basis upon which the petition was denied. An analogy can be made to TR. 52(A) which states that the court will make special findings of fact without request in any case provided by these rules or by statute. Professor Harvey said at 3 Indiana Practice 426 (1970) that the principal purpose of this provision ". . . is to have the record show the basis of the trial court's decision so that on review the appellate court may more readily understand the former's view of the controversy." See *Miller* v. *Ortman* (1956), 235 Ind. 641, 136 N. E. 2d 17. This view is echoed by the federal courts in their interpretation of Fed. R. Civ. P. 52(a) which is similar to our TR. 52(A). *Roberts* v. *Ross* (3d Cir. 1965), 344 F. 2d 747; *United States* v. *Horsfall* (10th Cir. 1959), 270 F. 2d 107; *Cross* v. *Pasley* (8th Cir. 1959), 267 F. 2d 824. It is mandatory that the court find the facts specially and state its conclusions of law when so requested and the statute so requires. *Wertzberger* v. *Herd* (1957), 128 Ind. App. 85, 146 N. E. 2d 115; *Patterson* v. *City of Gary* (1934), 98 Ind. App. 623, 190 N. E. 320; *State* v. *Wright* (1928), 89 Ind. App. 244, 161 N. E. 839, reh. den. 162 N. E. 695.

Clearly the court was required to make specific findings in this case, but we are able to discern no specific findings concerning what happened during appellant's first twenty-four (24) hours after arrest. We therefore remand this case to the court below to make specific findings of fact and conclusions of law on the issue of whether appellant's constitutional rights were violated during the first twenty-four (24) hours of his incarceration, namely whether he was properly advised on his rights per *Miranda* v. *Arizona* (1966), 384

U. S. 436 and whether he was informed of his right to counsel during the line-up per *United States* v. *Wade* (1967), 388 U. S. 218.

We reverse and remand this cause with directions to proceed in accordance with the instructions given above.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 456.