## CURTIS LOCKHART *v*. STATE OF INDIANA.

[No. 973S184. Filed March 25, 1975.]

*Lee J. Christakis,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Alan L. Crapo, Jr.,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant was indicted for murder in the second degree, convicted thereof in a trial by jury and sentenced. Various post-conviction proceedings followed with which we are not here concerned. Ultimately, the filing of a belated motion to correct errors was permitted and the motion overruled. The correctness of that ruling is now before this Court in these proceedings. The motion assigned, as grounds therefor, the erroneous admission of evidence, the insufficiency of the evidence and ineffective representation by counsel.

In this appeal, the defendant has expressly acknowledged that the assignments of error regarding the admission of evidence and the sufficiency of the evidence are without merit, and they are waived under Ind. R. Ap. P. 8.3. The sole question before us, then, is whether or not the trial court erred in refusing to grant relief, which could only have been a new trial, by reason of the ineffective representation by the court appointed pauper counsel.

Our task herein has been simplified by an acknowledgment by the defendant of effective representation throughout the proceeding, until the State rested its case. It is his contention that the failure of his trial counsel to put him upon the witness stand to make a claim of self defense, in the face of the State's evidence, was an error of such magnitude as to render the conviction a mockery of justice.

The record of the trial proceedings discloses that the State proved a prima facie case by two witnesses, one of whom was the female companion of the deceased at the time he was killed. The companion testified that the defendant approached the deceased from behind, while she and the deceased were walking, threw the deceased to the ground and got on top of him and when the defendant got up, the deceased had been stabbed with a knife. The State's other eyewitness testified on direct examination that the first thing he saw was the defendant and the deceased scuffling, but on cross-examination he testified that the defendant approached the deceased

and his companion from behind and called to them, whereupon they stopped and he then approached them face to face. He further testified, at this point, that prior to any act of violence by the defendant, the deceased was cursing the defendant and grabbed him and that the defendant pushed the decedent up against a parked car. The parties then struggled together, and the defendant struck the deceased, and they fell to the ground, after which the witness' view was obscured. After the State rested its case, the defendant's attorney introduced evidence showing that the deceased had been previously convicted of manslaughter and thereupon rested his case without further evidence.

The defendant has cited us no authority supporting his claim. He has cited only *Beck* v. *State*, (1974) 261 Ind. 616, 308 N.E.2d 697, a case which reasserted the time worn statement that there is a presumption that an attorney has discharged his duty fully requiring strong and convincing proof to overcome. Quoting from *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686, the opinion continued: "Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience does not necessarily amount to ineffective counsel, unless taken as a whole, the trial was a mockery of justice." In *Beck* v. *State, supra,* we affirmed the conviction observing that Beck had failed to carry his burden. The defendant relies entirely upon his own assertion that under the circumstances of this case, the failure of trial counsel to put him upon the witness stand overcame the presumption of competency and effective representation. From this point of view, we would always be in a position of judging the effectiveness of counsel's representation by the results, a proposition that we have expressly rejected innumerable times. *Robbins* v. *State*, (1971) 257 Ind. 273, 274 N.E.2d 255; *Thomas* v. *State*, (1967) 251 Ind. 546, 242 N.E.2d 919.

The defendant places particular emphasis upon the claim that from the testimony of the two eyewitnesses, he was doomed without a showing of self defense, which only he

could make. His summary of the evidence has been perfunctory only, however, and our review of the bill of exceptions does not reveal such a formidable case for conviction. By cross-examination, defense counsel disclosed an earlier romance between the defendant and the witness previously referred to as the deceased's companion. Also, counsel caught her in several lapses of memory surrounding the events and the inference was raised that her testimony was motivated by ill-feelings concerning the former relationship. Cross-examination by defense counsel also disclosed inconsistencies in the testimony of the other eyewitness and that his testimony was somewhat different than his statement given to the police shortly after the event. We cannot say that the jury could have gone but one way upon the evidence presented. Neither we nor the trial judge can know trial counsel's reasons for proceeding in the manner he did, and we are not required to know. Our presumptions are in favor of the effective representation and the correctness of the trial judge's ruling upon the motion to correct errors. We do not overlook the distinct possibility that by placing the defendant upon the witness stand, counsel could only have impaired his client's case, suborned perjury or conceivably both.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 324 N.E.2d 811.