WILBUR R. DAVIS *v.* STATE OF INDIANA.

[No. 574S97. Filed July 11, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Douglas W. Meyer,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of a motion to correct errors following the denial of a petition for post-conviction relief. Issues argued by Petitioner (Appellant) are (1) incompetence of his trial counsel and (2) availability

of other issues that the trial judge determined had been previously adjudicated or waived.

The petitioner was convicted of kidnapping in a trial by jury and sentenced to life imprisonment. A direct appeal was prosecuted and determined against him by this Court. *Davis* v. *State,* (1968) 249 Ind. 596, 233 N.E.2d 642.

ISSUE I. The petitioner's claim of incompetence of counsel and ineffective representation amounting to a denial of due process is predicated upon counsel's failure to object or otherwise raise an issue when a police detective, who was a witness for the State, made some reference to a prior arrest of the defendant, his failure to elicit from certain defense witnesses pertinent testimony that would have borne upon the validity of a written confession and his failure to call one Robert Stillabower, as a defense witness.

The considerations relevant to the determination of whether or not one was denied effective counsel were recently set forth in *Beck* v. *State,* (1974) 261 Ind. 616, 308 N.E.2d 697 and authorities there cited.

Petitioner did not establish by his evidence that his trial counsel was ineffective. There may have been good and sufficient reasons why counsel did not make an issue of the detective's improper comment. There is no claim that it was grounds for a mistrial, and it is very likely that counsel considered that only more harm could come from drawing particular attention to it. These are technical decisions that must be made by every lawyer during the course of a trial. The failure to object to an improper question or to move to strike the answer or statement if already given, is not, in and of itself, indicative of incompetence.

In *Beck* v. *State, supra,* the petitioner relied entirely upon his own assertions that the failure of his trial counsel to put him upon the witness stand overcame the presumption

of competence and effective representation. We there observed that from that point of view, we would always be in a position of judging the effectiveness of counsel's representation by the results, a proposition that we have expressly rejected innumerable times, citing *Robbins* v. *State,* (1971) 257 Ind. 273, 274 N.E.2d 255, *Thomas* v. *State,* (1967) 251 Ind. 546, 242 N.E.2d 919. In the case before us, the petitioner has essentially the same position as did Beck. Upon the issue of effective representation, he did present two witnesses, but their testimony was of questionable value. Both had been fellow jail inmates during petitioner's pre-trial incarceration. One, Robert Stillabower, testified that the defendant had had a seizure on the day following his initial incarceration and was carried from the cellblock by the authorities. The witness did not know where the petitioner had been taken or what transpired during his absence, but when he was returned, he was helped back into the cellblock and appeared to be incoherent during the rest of the day and evening. The petitioner's confession had been signed on the second day after his arrest, and it is his claim that, although it bore his signature, he had no recollection of it.

At the trial, defense counsel objected to evidence relating to certain admissions made by the petitioner to police officers and to admitting his written confession into evidence, upon the ground that the petitioner was incompetent at the time said admissions were made and the confession given. A lengthy hearing was held outside the presence of the jury, at which the petitioner presented several witnesses concerning the matter related by the witness, Stillabower. Upon such issue, the court found against the petitioner and admitted the evidence. The trial record reflects that counsel had examined his witnesses thoroughly concerning the defendant's seizure, contrary to petitioner's claim; and there has been no showing of what information if any, further interrogation would have brought forth. The testimony of witness Stillabower, at the post-conviction hearing, was only cumulative and does not

appear to be more persuasive upon the issue than that heard at the trial. The failure to present such witness at the trial, therefore, can not be said to be anything other than a professional judgment.

Section 5 of our Ind. R. P.C. 1 places the burden upon the petitioner to establish his grounds for relief by a preponderance of the evidence. *Lamb* v. *State*, (1975) 263 Ind. 137, 325 N.E.2d 180; *Childs* v. *State*, (1975) 262 Ind. 621, 321 N.E.2d 841; *Maxwell* v. *State*, (1974) 262 Ind. 526, 319 N.E.2d 121; *Colvin* v. *State*, (1975) 262 Ind. 608, 321 N.E.2d 565; *Payne* v. *State*, (1973) 261 Ind. 221, 301 N.E.2d 514; *Haddock* v. *State*, (1973) 260 Ind. 593, 298 N.E.2d 418. Also in post-conviction proceedings, as in other matters tried before the Court, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Lamb* v. *State, supra; Maxwell* v. *State, supra; Colvin* v. *State, supra; Hoskins* v. *State,* (1973) 261 Ind. 291, 302 N.E.2d 499.

There is a strong presumption that an attorney has discharged his duty faithfully, and it requires strong and convincing proof to overcome that presumption. *Meyers* v. *State*, (1975) 262 Ind. 613, 321 N.E.2d 201; *Maxwell* v. *State, supra; Colvin* v. *State, supra; Lockhart* v. *State*, (1975) 263 Ind. 95, 324 N.E.2d 811; *Haddock* v. *State, supra; Beck* v. *State, supra; Lowe* v. *State*, (1973) 260 Ind. 610, 298 N.E.2d 421; *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686. The trial court's finding was that the allegation of incompetence and ineffective representation was not substantiated by the evidence, and we can not say, as a matter of law, that he was incorrect

ISSUE II. In addition to his claim of ineffective counsel, the petitioner alleged the following grounds for post-conviction relief:

> That unnecessary and undue delay in taking Defendant to court for a probable cause hearing rendered his confession inadmissible.

That the confession allegedly made by him was unknowing and involuntary.

That he was never afforded a proper preliminary or probable cause hearing as required by Acts of 1905, Ch. 169, as found in Burns (1956 Repl.), Section 9-704.

That he was unlawfully bound over for trial in the Marion County Criminal Court.

The court's findings as to said allegations were as follows:

"All of the material matters presented to this court at the hearing on the petition for Post Conviction Relief concerned facts known to petitioner at the time of the trial, and which were or could have been adjudicated at the time of trial. * * *."

Although we consider the foregoing to be insufficient as "specific findings of fact," as required by Ind. R. P. C. 1, § 6, it appears that the deficiency is harmless error in this case. Whether or not there has been a waiver is a legal conclusion to be drawn from facts found. For example, whether or not a person signed a particular document is a fact, but whether or not that document was a "waiver" is a conclusion. The requirements and the purpose of the required specific findings were expressed by Justice Hunter in *Love* v. *State*, (1971) 257 Ind. 57, 272 N.E.2d 456. It is the duty of the trial judge to relate the facts on which he makes his determination (conclusion) that the petitioner is or is not entitled to the relief he seeks. This task is often rendered more difficult than it should be because of inartfully drawn petitions that are themselves allegations of conclusions of law rather than of facts that, if found, would support the grant of the relief sought.

Inasmuch as the petitioner has the burden of establishing his grounds for relief, the relief is properly denied when there is a failure of proof, as well as when the evidence affirmatively establishes facts that defeat the claim for relief. However, findings that state merely that the petitioner has failed to prove his grounds are of little help to the court that must review the matter on appeal. Further, such a cavalier treatment greatly increases the possibility

of oversight by the trial courts and non-disclosure to the reviewing courts. The findings, therefore, should be specific and complete upon each issue of fact, without regard to whether it supports the grant or the denial of relief. It may well be that the evidence supports a petitioner's claim upon one or more material facts but that there are other facts found, which defeat the claim or a failure of proof upon one or more issues, without which relief should not be granted. Under such circumstances, findings that recite only that the defendant failed to establish grounds for relief by a preponderance of the evidence, tells us little of what we often need to know and frequently leads to challenges to the correctness of the judgment that complete findings might well have avoided. If the judge's findings will be so specific and complete as to apprise the reviewing court of precisely why he came to the conclusion that he did, it will be necessary for us to review the record only when it is charged that the findings are contrary to or not sustained by the evidence, and in such cases, counsel can be, and will be required to be, specific in such charges.

Returning to the case at hand, there are several reasons why we must find against the petitioner on his claim that other issues were available to him.

(1) There has been no showing that the matters claimed were not known or were otherwise unavailable to the petitioner upon his direct appeal previously mentioned. Absent a showing of ineffective representation, an issue that has been resolved against the petitioner, such matters would be deemed waived. *Layton* v. *State,* (1974) 261 Ind. 567, 307 N.E.2d 477; *Kidwell* v. *State,* (1973) 260 Ind. 303, 295 N.E.2d 362. The rule of *Langley; Richardson* v. *State,* (1971) 256 Ind. 199, 267 N.E.2d 538, requiring that the issue of "waiver" be charged by the state in the post-conviction hearing is grounded upon the requirement that issues be litigated in the trial court and not raised for the first time on appeal. It is, therefore, a rule of appellate

review and not a proscription against the trial court taking proper judicial notice of a waiver.

(2) The record of the petitioner's original trial was before the court. Additionally, it was required by statute to take judicial notice of the decision and opinion of this Court rendered upon the direct appeal. Burns § 9-3303, Ind. Code § 35-10-2-2, Acts 1947, ch. 189, § 3. These reflect that the validity of the petitioner's confession was litigated at the trial and on appeal. The remaining points—a delay in taking the petitioner before a magistrate for a probable cause hearing, the lack of a probable cause hearing and his alleged unlawful detention were issues raised in pretrial proceedings by plea in abatement. They were determined against the petitioner by the trial court; and on appeal, this Court held that the plea in abatement was defective.

(3) With reference to the alleged improper arrest and detention, there has been no claim or showing that the petitioner was thereby prejudiced at his trial. *Williams* v. *State,* (1973) 261 Ind. 385, 304 N.E.2d 311; *Farmer* v. *State,* (1971) 257 Ind. 511, 275 N.E.2d 783; *Wells* v. *State,* (1971) 256 Ind. 161, 267 N.E.2d 371; *Dickens* v. *State,* (1970) 254 Ind. 388, 260 N.E.2d 578; *Layton* v. *State,* (1968) 251 Ind. 205, 240 N.E.2d 489.

(4) Also with reference to the alleged illegal arrest and detention, petitioner was arrested pursuant to a capias issued by the clerk of the Marion County Criminal Court, he was not, therefore, entitled to have a preliminary or probable cause hearing. *Fender* v. *Lash,* (1973) 261 Ind. 373, 304 N.E.2d 209; *Penn* v. *State,* (1961) 242 Ind. 359, 177 N.E.2d 889; *Sisk* v. *State,* (1953) 232 Ind. 214, 110 N.E.2d 627.

Although not separately urged as a ground for reversal, counsel has complained that the failure of the trial judge to specify, which issues raised by the petitioner had been waived and which had been previously litigated, made it extremely difficult to argue the availability of certain issues. As pre-

viously noted, we regard the findings as deficient in specificity, and we can appreciate counsel's resultant problem. Such deficiency has also made our review more tedious than would otherwise have been required. However, we perceive no harm to the petitioner in this regard.

The judgment of the trial court is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 330 N.E.2d 738.