THOMAS WALLACE MAY *v.* STATE OF INDIANA.

[No. 475S84. Filed December 9, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

PRENTICE, J.—Petitioner (Appellant) was indicted for First Degree Murder in 1950. He was convicted in a trial by jury, and such conviction was affirmed by this Court. *May v. State,* (1953) 232 Ind. 523, 112 N.E.2d 439. A statement of the evidence may be found in that opinion.

On April 19, 1971, May filed a *pro se* motion for post conviction relief. After several continuances, the hearing began on April 5, 1972. One witness, Pearl Miller, was heard, and the hearing was then recessed. The hearing was resumed on May 11, 1972, and resulted in findings and conclusions adverse to the petitioner. Petitioner now appeals that decision, asserting first that the court made inadequate findings of fact; second, that the court erred in refusing to permit Pearl Miller to testify a second time; and finally, that his attorneys at the trial, on direct appeal, and at the post conviction hearing were incompetent and ineffective.

ISSUE I. Appellant's first assignment of error concerns the alleged failure of the trial judge to make adequate findings of fact as to the following matter, which was urged as a basis of relief.

"Evidence exists not previously heard, requiring Vacation of conviction and a New trial * * *."

This allegation was said to be supported by a statement in the petition for relief reading as follows.

"* * * The 2 Lts. Detectives also withheld Evidence at the trial of the accused. when they removed all your petitioner's clothes. Just after the petitioner was taking (sic) in to the South questioning room at police station your petitioner was not free to go. that said clothes are still at police station. that your petitioner was forced to stand with his hands to the wall and his feet 3 feet away from the wall * * *."

In the only finding of fact which could apply to this allegation, the trial judge found:

"* * * that the defendant has not shown by a preponderance of the evidence that his conviction or sentence was obtained in violation of the Constitution of the United States or the Constitution or Laws of the State of Indiana."

It is true that the trial court is required to make findings of fact sufficient to enable this Court to dispose of the issues presented on appeal. *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d 738; *Love* v. *State*, (1971) 257 Ind. 57, 272 N.E.2d 456. It is also true that the judge's finding of fact on this issue was subject to the same criticism as were the findings in *Davis, supra.* However, as in *Davis*, there is another factor which precludes a determination of reversible error—the allegations contained in the second paragraph quoted above are not supported by any testimony produced at the hearing. Thus, no issue was presented to the court, and the only finding that could have been forthcoming was that the petitioner failed to carry his burden upon that specific issue. Such a finding would not have benefitted the petitioner, and its absence was not prejudicial.

ISSUE II. The petitioner next asserts that it was error for the trial court to refuse to permit Pearl Miller to testify

again when the hearing was resumed. This witness had been permitted to testify at the earlier date because the petitioner was not then fully prepared for the hearing but wanted to present her testimony at that time, inasmuch as she had previously suffered a heart attack and was in a weakened condition.

Whether a litigant is permitted to recall a witness rests within the sound discretion of the trial judge. *Potter* v. *State,* (1971) 257 Ind. 370, 274 N.E.2d 699. We cannot say that this discretion was abused in the instant case. Additionally, there was no offer to prove what additional information, if any, would have been forthcoming had Mrs. Miller been permitted to testify a second time. Without such an offer, we do not conclude that error was committed. *Chatman* v. *State,* (1975) 263 Ind. 531, 334 N.E.2d 673.

ISSUE III. Petitioner finally asserts incompetent and ineffective representation at every stage of his litigation—his trial, his direct appeal and post conviction hearing.

A charge of incompetent and ineffective representation has become so increasingly popular as to be almost commonplace since we stated in *Langley; Richardson* v. *State,* (1971) 256 Ind. 199, 267 N.E.2d 538 that it would be inappropriate to assert a binding waiver against a petitioner where it could be shown that the alleged waiver resulted from ineffective assistance of counsel. On the other hand, our repeated declarations of what is required to set aside a judgment upon such grounds appears to have made no impression. *Bucci* v. *State,* (1975) 263 Ind. 376, 332 N.E.2d 94; *Beck* v. *State,* (1974) 261 Ind. 759, 308 N.E.2d 697; *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686.

It should be obvious that absent a glaring and critical omission or a succession of omissions evidencing in their totality a mockery of justice, this Court will not attribute a criminal conviction or affirmation to ineffective representation. It is ludicrous to expect

us to dissect every trial, every appeal and now every post conviction proceeding and to speculate upon the consequences of counsel's action or inaction at every step.

It would serve no useful purpose to respond in detail to each allegation of incompetence. We will summarize.

Viewed in context, we see no incompetence in trial counsel's failure to have raised the issue of possible intoxication, his failure to call a particular witness or his failure to challenge the legality of the search of the petitioner's person. Neither do we see incompetence in appellate counsel's failure to raise issues on appeal that either were not raised or not preserved at the trial. With regard to the post conviction hearing, petitioner cites, as incompetent representation, counsel's failure to make an offer to prove following the court's refusal to permit Pearl Miller to testify a second time and counsel's failure to secure a material witness. As to the first charge, we can only conclude that if Mrs. Miller had had anything new and relevant to present, an offer would have been made. As to the second, the petitioner acknowledges in the argument section of his brief that the evidence was conflicting as to whether counsel was at fault.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 338 N.E.2d 258.