JOHN HENRY, JR. *v.* STATE OF INDIANA.

[No. 2-375A70. Filed August 31, 1976.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Stephen Brown,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY AND FACTS

BUCHANAN, P.J.—Defendant-Appellant, John Henry, Jr. (Henry), was convicted of robbery on October 17, 1966, and thereafter was sentenced to a term in the Indiana State Prison of ten (10) to twenty-five (25) years. A direct appeal was taken and the Indiana Supreme Court affirmed Henry's conviction on December 8, 1969, in *Cline et al.* v. *State* (1969), 253 Ind. 264, 252 N.E.2d 793.

Henry filed a Petition for Post-Conviction Relief under Post-Conviction Remedy Rule 1 on March 17, 1970. He later amended the Petition on May 25, 1970, to add as an additional ground for relief the allegation that the trial court

erroneously allowed the arresting officer to testify regarding certain statements made by Henry at the time of his arrest which could be construed as admissions of guilt.

At the post-conviction hearing held on July 15, 1970, the court denied Henry's Petition and made Findings of Fact and Conclusions of Law, but did not enter a finding on the issue of the alleged admissions made by Henry at the time of his arrest.

On December 9, 1974, Henry filed a timely Belated Motion to Correct Errors to this final judgment pointing out the omission to the court in Specification 1, citing Post-Conviction Remedy Rule 1, § 6 and *Love* v. *State* (1971), 257 Ind. 57, 272 N.E.2d 456, Ind., 274 N.E.2d 238 in support thereof.

The post-conviction court denied this Belated Motion, and Henry now appeals.

## ISSUE

Did the post-conviction court commit reversible error by failing to make a specific finding of fact and conclusion of law as to the trial court's admission in evidence of alleged incriminating statements made by Henry at the time of his arrest?

We affirm.

## DECISION

CONCLUSION—Reversible error was not committed by the post-conviction court in failing to make a specific finding as to the admission in evidence of testimony regarding certain statements made by Henry at the time of his arrest.

Although the technical distinction between Post-Conviction Remedy Rule 1 (PCR 1) and Post-Conviction Remedy Rule 2 (PCR 2) is at times obscured, the distinction may determine the outcome of an appeal. In this case our affirmance is based on the nature of the hearing afforded under PCR 1 and its attendant rules.

PCR 1, § 6 states in part:

The court shall make specific findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. . . .

An examination of the post-conviction court's Findings reveals, as Henry contends, that no finding was made regarding the admissibility of the statements made by Henry at the time of his arrest. Such deficiency would appear to require a reversal and an order to the post-conviction court to make specific findings of fact and conclusions of law as indicated in Specification 1 of Henry's Belated Motion. However, no such remand is required.

*May* v. *State* (1975), 263 Ind. 690, 338 N.E.2d 258 establishes the principle that in reviewing a post-conviction hearing this Court will look to the record to determine if the post-conviction judge's failure to make adequate findings is in fact harmless to the appealing party. Speaking for a unanimous Court, Justice Prentice stated:

It is true that the trial court is required to make findings of facts sufficient to enable this Court to dispose of the issues presented on appeal. *Davis* v. *State* (1975), [263] Ind. [327], 330 N.E.2d 738; *Love* v. *State* (1971), 257 Ind. 57, 272 N.E.2d 456. It is also true that the judge's finding of fact on this issue was subject to the same criticism as were the findings in *Davis, supra.* However, as in *Davis,* there is another factor which precludes a determination of reversible error—the allegations contained in the second paragraph quoted above are not supported by any testimony produced at the hearing. Thus, no issue was presented to the court, and *the only finding that could have been forthcoming was that the petitioner failed to carry his burden upon that specific issue. Such a finding would not have benefited the petitioner, and its absence was not prejudicial.* 338 N.E.2d at 259-260. (Emphasis supplied.)

In a PCR 1 hearing, which is a quasi-civil hearing totally separate and distinct from the original criminal trial,[1] the

---

1. This is unlike a PCR 2, § 1 hearing regarding a petitioner's Belated Motion to Correct Errors, which as the name implies, is merely an extension of the original criminal trial.

complainant bears the burden of proving his right to relief by a preponderance of the evidence.

See *Baynard* v. *State* (1974), 162 Ind. App. 86, 317 N.E.2d 897; *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N.E. 2d 523; PCR 1, § 5. His affirmative duty is to present evidence sufficient to prove his right to relief and he may *not* rely on matters outside the record of the post-conviction hearing.

See *Johnson* v. *State* (1974), 262 Ind. 183, 313 N.E.2d 542; *Harrison* v. *State* (1973), 155 Ind. App. 231, 292 N.E.2d 612.

The only evidence before the post-conviction court to substantiate Henry's claim regarding the alleged incriminating statements was his own brief testimony as to what occurred at the time of his arrest. Although Henry attacked the admissibility of testimony as to statements made by him indicating guilt given at his original trial, no verbatim transcript of that questioned testimony or the objection thereto was offered into evidence at the post-conviction hearing.[2] See *Johnson* v. *State, supra.* Without such evidence the post-conviction court was unable to evaluate the circumstances under which the testimony was received and could make no specific finding relating thereto.

Henry thus failed to present the needed evidence to substantiate his claim for relief and lack of a finding on this subject, which could only have been against him, was not prejudicial. See *Johnson* v. *State, supra.*

Affirmed.

SULLIVAN, J. and GARRARD, J., (by designation) concur.

NOTE.—Reported at 353 N.E.2d 482.

---

2. This underscores an important distinction between PCR 1 and PCR 2, § 1 hearings. Due to the very nature of a PCR 2, § 1 hearing (unlike PCR 1), the entire record of the original trial is automatically before the post-conviction court.