**David ROBERTS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–1079A295.

Court of Appeals of Indiana, Third District.

June 30, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

This is an appeal by David Roberts (Roberts) from the denial of his petition for post-conviction relief. In his petition, Roberts presented three issues: (1) inadequacy of representation by counsel; (2) prosecutorial misconduct; and, (3) failure to give a jury instruction. After the denial of Roberts' petition and his motion to correct errors, he brought this appeal raising the same three issues, and in addition, he raises the issue of whether the trial court erred in not making written findings of fact and conclusions of law upon entering the judgment. Because of our disposition upon this last issue, we shall not address the first three issues.

■ The trial court is required to make findings of fact sufficient to enable the reviewing court to dispose of the issues upon appeal. *May v. State* (1975), 263 Ind. 690, 338 N.E.2d 258. Post-Conviction Rule (PCR) 1, § 6 states, in pertinent part: "The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." The "findings of fact and conclusions of law" made by the trial court, in their entirety, state that: "Court having taken this matter under advisement, now denies the Defendant's Petition for Post Conviction Relief."

■ In *Davis v. State* (1975), 263 Ind. 327, 331–32, 330 N.E.2d 738, 741–42, Justice Prentice outlined the underlying purposes of PCR 1, § 6:

"Inasmuch as the petitioner has the burden of establishing his grounds for relief, the relief is properly denied when there is a failure of proof, as well as when the evidence affirmatively establishes facts that defeat the claim for relief. However, findings that state merely that the petitioner has failed to prove his grounds are of little help to the court that must review the matter on appeal. Further, such a cavalier treatment greatly increases the possibility of oversight by the trial courts and non-disclosure to the reviewing courts. The findings, therefore, should be specific and complete upon each issue of fact, without regard to whether it supports the grant or the denial of relief. It may well be that the evidence supports a petitioner's claim upon one or more material facts but that there are other facts found, which defeat the claim or a failure of proof upon one or more issues, without which relief should not be granted. Under such circumstances, findings that recite only that the defendant failed to establish grounds for relief by a preponderance of the evidence, tells us little of what we often need to know and frequently leads to

challenges to the correctness of the judgment that complete findings might well have avoided. If the judge's findings will be so specific and complete as to apprise the reviewing court of precisely why he came to the conclusion that he did, it will be necessary for us to review the record only when it is charged that the findings are contrary to or not sustained by the evidence, and in such cases, counsel can be, and will be required to be, specific in such charges."

One exception to the mandatory language found in PCR 1, § 6 has been developed by the courts. It has been held that it is not reversible error where a trial court fails to make "adequate" findings of fact *if* the petitioner's allegations are not supported by any evidence in the record. *May, supra; Henry v. State* (1976), Ind.App., 353 N.E.2d 482.

The record on this appeal, however, contains evidence relating to every issue presented in Roberts' petition.[1] The trial court clearly erred in not making the requisite findings of fact and conclusions of law. Therefore, this cause is remanded to the trial court with instructions to make specific findings of fact and conclusions of law upon each of the three issues presented by Roberts in his petition for post conviction relief. This Court shall retain jurisdiction of this cause for the purpose of making a final disposition of the appeal. The trial court is hereby ordered to submit said findings of fact and conclusions of law to this Court on or before July 30, 1980.

GARRARD, P. J., and HOFFMAN, J., concur.

---

1. Roberts, his mother, his sister, and his attorney from the original trial testified in relation to the allegation of inadequacy of representation by counsel. With respect to the other two allegations—prosecutorial misconduct and failure to give a jury instruction—the record of the original trial was entered into evidence and was, therefore, before the trial court at the post conviction hearing.