Larry TAYLOR, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 283S69.

Supreme Court of Indiana.

Jan. 10, 1985.

Charles D. Hankey, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Larry Taylor, is before this Court appealing from the denial of his petition for relief under Post Conviction Relief, Rule 1. He was convicted of robbery, a Class C felony. Thereafter, petitioner was sentenced to a prison term of five years, with thirty years added pursuant to the sentencing provision of the habitual offender statute. We then affirmed his conviction in *Taylor v. State*, (1981) Ind., 420 N.E.2d 1231. He raises the following three issues in this petition.

1. Whether petitioner was denied his fundamental right to trial by jury;

2. Whether petitioner was denied his constitutional right to the effective assistance of counsel; and

3. Whether the trial court failed to make adequate findings of fact as to the issues above.

Because of our disposition upon the last issue, we shall not address the first two issues.

■ It is true that the trial court is required to make findings of fact sufficient to enable this Court to dispose of the issues upon appeal. *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738; *May v. State*, (1975) 263 Ind. 690, 338 N.E.2d 258. Ind.R. P.C. 1 § 6 states in pertinent part: "The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." The record here shows that the trial court failed to enter any specific findings of fact as to the issues raised in the petition. The items listed under the trial court's "findings of fact" merely note the procedural history of petitioner's case.

■ We have had occasion to express the requirements and purpose of Ind.R.P.C. 1 § 6. *See, Davis*, 263 Ind. at 331–32, 330 N.E.2d at 741–42; *Love v. State*, (1971) 257 Ind. 57, 59, 272 N.E.2d 456, 458. The trial court erred in not making the requisite findings of fact in this case. Therefore, this cause is remanded to the trial court with instructions to make specific findings of fact and conclusions of law upon each of the two issues presented by Taylor in his petition for post-conviction relief.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.