Harry E. CARPENTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 784S284.

Supreme Court of Indiana.

Dec. 23, 1986.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a denial of a post-conviction relief petition. Appellant was originally convicted of Kidnapping, for which he received life imprisonment, Rape While Armed, for which he received twenty (20) years, and Assault and Battery with Intent to Kill, for which he received a two (2) to fourteen (14) year sentence. Appellant's first appeal resulted in a reversal of his convictions. *See Carpenter v. State* (1977), 266 Ind. 98, 360 N.E.2d 839 (per curiam). After conviction on retrial, appellant again appealed resulting in an affirmance of his convictions. *Carpenter v. State* (1978), 270 Ind. 96, 383 N.E.2d 815.

 Appellant claims the post-conviction relief court erred in denying his petition without issuing specific findings of fact and conclusions of law, citing Ind.R.P.C.R. 1, § 6. Through that rule this Court does require the trial court to make specific findings of fact and conclusions of law on all issues presented at a post-conviction hearing. However, that rule functions more for the benefit of this Court than as a ground for automatic reversal of a trial court's denial of a petition. This is clearly demonstrated by an examination of the cases cited by appellant in support of his position.

In *Davis v. State* (1975), 263 Ind. 327, 334, 330 N.E.2d 738, 743, this Court, in an opinion written by Justice Prentice, after citing the rule observed that the trial judge had not given specific findings of fact and conclusions of law and stated:

"[W]e regard the findings as deficient in specificity, and we can appreciate counsel's resultant problem. Such deficiency has also made our review more tedious than would otherwise have been required. However, we perceive no harm to the petitioner in this regard."

This statement by Justice Prentice was based upon the proposition that the trial court's error was harmless and that questions raised by appellant were legal conclusions to be drawn from the facts of the case. *Id.* at 331, 330 N.E.2d at 741. Justice Prentice cited Justice Hunter's decision in *Love v. State* (1971), 257 Ind. 57, 272 N.E.2d 456, wherein Justice Hunter found, due to the allegations raised in the petition, this Court could not make a decision in the absence of specific findings of fact as to those allegations. He stated:

"We therefore remand this case to the court below to make specific findings of fact and conclusions of law on the issue of whether appellant's constitutional rights were violated during the first twenty-four (24) hours of his incarceration, namely whether he was properly advised on [sic] his rights per *Miranda v. Arizona* (citation omitted) and whether he was informed of his right to counsel during the line-up per *United States v. Wade* [388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149] (citation omitted)." *Id.* at 60–61, 272 N.E.2d at 458.

In the case at bar, we see no such necessity, nor has appellant made any specific claims of such a necessity in the argument portion of his brief. It appears from this record this Court will be able to make a decision as to the denial of appellant's petition without the findings of fact and conclusions of law; however, such findings and conclusions would have been of great benefit to us in the handling of this case.

■ Appellant claims he was unconstitutionally denied his right to effective assistance of counsel and was subjected to a conflict of interest. He claims his trial counsel was ineffective in that he failed to subpoena three police officers for the pretrial hearing to suppress his confession. He claims the testimony of those officers would have established that promises and threats were made to induce him to confess. However, he makes no specific allegations or any attempt to demonstrate that the officers would have so testified. We note that, in his second appeal to this Court in which his conviction was affirmed, the question as to the legality of his confession was specifically raised and fully discussed in that opinion, including his alleged abuse by police officers. *Carpenter, supra*, 266 Ind. at 99–100, 383 N.E.2d at 817–18. We see nothing in this record to discharge appellant's burden of proof as to these allegations in his post-conviction relief petition. *Williams v. State* (1984), Ind., 458 N.E.2d 227.

■ Appellant also contends that his counsel failed to investigate and subpoena two tavern employees who would have testified as to his state of intoxication and the amount of intoxicating beverages he had been served prior to the alleged crime. At the post-conviction relief hearing, the trial defense counsel testified that he investigated such a defense and rejected that tactic because he could not find a witness to support it; however, he had invoked an insanity defense and he felt the fact of intoxication would not be incompatible with that defense. He did not consider intoxication to be a very valid defense in Indiana or acceptable to juries. It thus appears trial counsel was faced with the dilemma of how best to proceed under the circumstances of his case.

In his brief, appellant draws several conclusions concerning alleged failure of counsel to consult with him on various points of evidence. We see no evidence to back these allegations nor do we see any demonstration that even if they were true that they would be germane to the issues at hand.

Appellant also appears to blame trial counsel because the two psychiatrists appointed to examine him declared that he was sane. We are at a loss to determine how counsel was supposed to alter that factual situation.

■ In appellant's second original appeal to this Court, *Carpenter, supra*, the Court observed that it could not go into the question of the *voir dire* of the jury because the transcript of that examination was not presented in the appeal. Appellant now points out that he presented that transcript in his post-conviction relief hearing and that it shows that during the *voir dire* a prospective juror inquired as to whether appellant would be set free if found not guilty by reason of insanity. As a result, the trial judge explained to the veniremen that such a question was not for their consideration, that if it were answered they might be prejudiced either for or against appellant and that therefore they should not consider the consequences of the finding of not guilty by reason of insanity. We see nothing in this transcript which would indicate trial counsel would have benefited by incorporating it with the transcript on appeal nor do we see any lack of expertise on his part. He made his objections and obtained a ruling. We see nothing that would have precipitated a reversal of the conviction.

■ Appellant claims trial counsel did not raise the question of the trial court's denial of his motion to have appellant examined as a criminal sexual deviate. In the second appeal, he had raised the question in his motion to correct error and had challenged Ind.Code § 35–11–3.1–2.1 (repealed) which provided as follows:

"A petition may not be made pursuant to section 3 [35–11–3.1–3] of this chapter if the person has been convicted of rape committed by force, violence or coercion."

Although trial counsel had raised this question in the trial court by way of his

motion to correct error, it can hardly be said that he was acting incompetently in his representation of appellant by failing to pursue an issue which was so obviously outside the scope of the statute.

■ Appellant also claims trial counsel violated the Canon of Ethics in that he had a conflict of interest in representing both appellant and his codefendant, especially in view of the fact that the codefendant entered a plea of guilty in exchange for a twenty (20) year sentence and a dismissal of the remaining charges. However, the evidence in this case discloses that the codefendant was in poor health, both physically and mentally, that his participation in the crime was not as great as appellant's, that his plea in no way affected the defense of appellant and that he did not testify against appellant. Although since the original trial of this case stricter rules have been set down concerning a conflict of interest in the representation of codefendants, we do not perceive that even under today's standards counsel's conduct would be considered improper. There was a legitimate difference between his clients and neither was jeopardized by his representation of the other. Joint representation does not constitute ineffective representation *per se*. *Ross v. State* (1978), 268 Ind. 608, 377 N.E.2d 634.

■ Appellant claims he was subjected to unconstitutional prosecutorial misconduct and vindictiveness during the final argument in his second trial. Appellant also claims vindictiveness is established by the fact that in the second trial the prosecutor urged the jury to find him guilty of armed rape and assess the maximum penalty and that the jury responded by assessing the maximum penalty of thirty (30) years, whereas in the first trial the prosecutor made no such argument and the jury had assessed a penalty of twenty (20) years.

Appellant cites *Cherry v. State* (1981), 275 Ind. 14, 414 N.E.2d 301, *cert. denied*, 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033. However, in that case the prosecutor had filed more numerous and more severe charges on the second trial of the defendant. In the case at bar the prosecutor filed identical charges in both the first and the second trials. The severity of the sentence was entirely a matter for the jury. The fact that the first jury did not impose as severe a sanction as the second jury does not indicate any vindictiveness on the part of the prosecuting attorney. *See Blackledge v. Perry* (1974), 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628.

■ Appellant also claims prosecutorial misconduct in that the prosecutor argued that appellant was sane and that his insanity plea was merely an attempt to avoid accountability and responsibility for his criminal conduct. Appellant cites *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843 and *Hill v. State* (1969), 252 Ind. 601, 251 N.E.2d 429, for the proposition that the question of insanity is a question for the jury to determine. He therefore reasons that the prosecuting attorney was guilty of misconduct by making the above assertions. It is entirely proper for the prosecuting attorney and for defense counsel to summarize the evidence and to make their respective arguments concerning their position as to such evidence. The fact that an issue is for the jury to determine does not preclude its mention on final argument by either party. We see no misconduct on the part of the prosecuting attorney in this regard.

Appellant claims there were errors made in sentencing at his second trial. Here he again refers to the fact that during the first trial he received a twenty (20) year sentence whereas during the second trial he received a thirty (30) year sentence. As we have above observed, appellant was charged identically in both the first and second trials. In both instances the sentence imposed by the jurors was within the statutory scope of the charge. For the reasons above stated we see no error in this regard.

■ Appellant also claims his sentence was improper because of the imposition of a consecutive sentence for armed rape.

His contention is that Ind.Code § 35–12–1–1 (repealed) provided that consecutive sentences were permitted only if the crimes were committed at the same time. It is his position that the armed rape and the kidnapping of the victim did not occur at the same time. The record in this case shows that appellant kidnapped the victim at knife point and required her to drive a distance before forcing her to stop the car, striking her and tying her hands behind her back. He then drove the car into a field where he raped her repeatedly over a period of approximately forty-five minutes. It is ludicrous to say the kidnapping and the rape occurred at different times. It is obvious from the facts in this case that the kidnapping was still in progress at the time the rape occurred. Under the circumstances the statute mandated consecutive sentences.

■ Appellant claims the trial court erred in denying him treatment as a criminal sexual deviant. Appellant recognizes that this question was decided against his present contention in *Critchlow v. State* (1976), 264 Ind. 458, 346 N.E.2d 591. Appellant nevertheless urges that this Court reconsider and reverse its position in *Critchlow* since there were ample grounds and evidence presented that he was a criminal sexual deviant and would benefit from such treatment. However, we would point out that Ind.Code § 35–11–3.1–2.1 (repealed), which was in force at the time of appellant's conviction, expressly excluded violent offenders from the operation of the criminal sexual deviant statute. Therefore the trial court was correct in refusing to apply the statute.

The trial court is affirmed.

All Justices concur.