## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 10 2020, 6:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Daniel Demaree
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Demaree,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

March 10, 2020

Court of Appeals Case No.
19A-PC-861

Appeal from the Morgan Superior Court

The Honorable Stephenie Lemay-Luken, Special Judge

Trial Court Cause No.
55D01-1704-PC-721

**Barteau, Senior Judge.**

# Statement of the Case

Daniel Demaree appeals the denial of his petition for post-conviction relief. We affirm.

# Issue

Demaree raises numerous issues, only one of which is preserved for our review: whether the post-conviction court erred in rejecting his claim of ineffective assistance of trial counsel.

# Facts and Procedural History

The circumstances of Demaree's underlying convictions are as follows:

> Demaree and his wife, Tracy, had three children: Ba.D., a girl born on September 4, 1997, Br.D., a girl born on February 22, 2001, and a boy, L.D. Demaree began touching Ba.D. inappropriately when she was about nine or ten years old. He was a truck driver, and the first time he touched her, they were on a "run" together in his truck in New York.

> The first time Demaree molested Ba.D. at home, she was in third grade. He pulled Ba.D. into his bedroom and made her take off her clothes and get on the floor, face down, with her legs spread open. Demaree's pants were unzipped, and Ba.D. felt something happening to the inside of her "butt," which really hurt. Ex. 12A p. 44–45. Afterwards, she felt something cold and wet on her "butt," which Demaree wiped off with a rag. Ba.D. was unable to go to the bathroom afterwards "because it burned." *Id.* at 49.

> Demaree continued to touch Ba.D. on many occasions. Most of the time, he touched her "butt" with his penis. Tr. p. 362, 365–

66. On one occasion, he touched her vagina with his penis and moved his penis around. More than once, Demaree touched the inside of Ba.D.'s vagina with his tongue, causing her pain. These incidents occurred on the floor in Demaree's bedroom. Before the acts, Demaree put lotion on his penis; afterwards, he always put the rags he used to wipe himself and Ba.D. in the washing machine immediately. The last time Demaree molested Ba.D. was about a month before her eleventh birthday. As a result of the molestations, Ba.D. developed hemorrhoids and a rash.

Ba.D.'s younger sister, Br.D., was usually home when the molestations occurred. Ba.D. knew that Demaree also molested her sister, because Br.D. went to Ba.D. afterwards, crying, and told her what had happened. Demaree touched Br.D.'s "front private part" with his pinkie and his tongue. Tr. p. 408–09. He also touched her "butt" with his "dick" and his tongue; at one point putting his "dick" inside Br.D.'s "butt," causing her pain. *Id.* at 410, 421. These incidents also occurred in Demaree's bedroom.

On occasions, Demaree told the girls that they would have to choose which one would go with him, or he would take both of them. He gave Ba.D. money to do things with him and told her not to tell; he gave Br.D. licorice as a bribe.

*Demaree v. State*, Cause No. 55A01-1005-CR-295, *1 (Ind. Ct. App. Feb. 10, 2011) (*Demaree I*). The State charged Demaree with numerous child molesting related offenses. After a jury trial, the trial court entered judgments of conviction determining that the jury had found Demaree guilty of five counts of child molesting, all Class A felonies. The trial court imposed a total sentence of 120 years.

Demaree appealed, challenging the admission of certain evidence and the appropriateness of his sentence pursuant to Appellate Rule 7(B). The Court affirmed Demaree's convictions and sentence. *Id.* at *4.

On April 5, 2017, Demaree filed a petition for post-conviction relief. He later amended the petition with leave of court, and the State filed a response. The post-conviction court held an evidentiary hearing over several nonconsecutive days. On March 21, 2019, the trial court issued findings of fact, conclusions thereon, and an order denying Demaree's petition. This appeal followed.

## Discussion and Decision

### 1. Standard of Review

Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Rose v. State*, 120 N.E.3d 262, 266 (Ind. Ct. App. 2019), *trans. denied*. A petitioner bears the burden of establishing an entitlement to relief during post-conviction proceedings. *Pierce v. State*, 135 N.E.3d 993, 1002 (Ind. Ct. App. 2019). The petitioner has an "affirmative duty to present evidence sufficient" to prove a right to relief and "may not rely on matters outside the record of the post-conviction hearing." *Henry v. State*, 170 Ind. App. 463, 466, 353 N.E.2d 482, 484 (1976).

"A petitioner who has been denied post-conviction relief faces a rigorous standard of review." *DeWitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). We will not disturb the post-conviction court's denial of relief unless the evidence is

without conflict and leads to but one conclusion, and the post-conviction court reached the opposite conclusion. *West v. State*, 938 N.E.2d 305, 309 (Ind. Ct. App. 2010), *trans. denied*. We accept the post-conviction court's findings of fact unless they are clearly erroneous. *Id.* Further, we consider only the probative evidence and reasonable inferences therefrom that support the post-conviction court's determination, and we will not reweigh the evidence or judge witness credibility. *Id.*

Demaree is proceeding pro se. Pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Consequently, pro se litigants must be prepared to accept the consequences for failing to follow the rules. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016), *trans. denied*.

## 2. Waiver

In the "Statement of the Issues" and "Summary of the Argument" sections of his appellant's brief, Demaree raises claims pertaining to his 120-year sentence, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and newly discovered evidence. Appellant's Br. pp. 5-8, 19-21. By contrast, the "Argument" section of Demaree's brief substantively addresses only his claim of ineffective assistance of trial counsel.

We will consider Demaree's claim of ineffective assistance of trial counsel, but Demaree has waived his other claims by failure to provide cogent argument

supported by citation to authority. *See* Ind. Appellate Rule 46(A)(8)(a) (allegations of error must be supported by "cogent reasoning" and citation to authorities and the record); *see also Bigler v. State*, 732 N.E.2d 191, 196 (Ind. Ct. App. 2000) (claim waived because it was presented in one sentence, without argument and citation to authority), *trans. denied*.

[11] Before we turn to Demaree's allegations of ineffective assistance of trial counsel, we note that prior to and during the evidentiary hearing, he did not ask the post-conviction court to take judicial notice of the trial record or the record on appeal from *Demaree I*.[1] In addition, during the post-conviction hearing he did not attempt to offer documents from the trial record or the record on appeal, or any other documentary evidence, as exhibits. Instead, Demaree, who participated in the hearing by telephone, purported to read from the transcripts while questioning witnesses.

[12] Earlier in this appeal, the Court granted Demaree's motion to transfer the record on appeal from *Demaree I* to the current appeal, but denied his motion to take judicial notice.[2] We will not review the post-conviction court's judgment

---

[1] The Chronological Case Summary indicates that Demaree filed a number of documents with the post-conviction court on November 7, 2017, well before the special judge took jurisdiction over this case. During the evidentiary hearing, he did not ask the post-conviction court to take judicial notice of those documents or otherwise seek to authenticate them as exhibits. Also, in Demaree's proposed findings of fact and conclusions of law, which he submitted after the evidentiary hearing had concluded, he asked the post-conviction court to take judicial notice of only one potential juror's statement in the voir dire transcript.

[2] In his appellant's brief, Demaree renews his request for this Court to take judicial notice of the trial transcript and the record from *Demaree I*. We deny his request.

using evidence that was not presented to the post-conviction court, so we have not considered the appellate record from *Demaree I* in this appeal.

## 3. Ineffective Assistance of Trial Counsel

[13] We analyze claims of ineffective assistance of trial counsel according to the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As the Indiana Supreme Court has explained:

> First, we require the defendant or petitioner to show that, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance. This showing is made by demonstrating that counsel's performance was unreasonable under prevailing professional norms. Second, we require the defendant or petitioner to show adverse prejudice as a result of the deficient performance. We will find prejudice when the conviction or sentence has resulted from a breakdown of the adversarial process that rendered the result unreliable.

*Emerson v. State*, 695 N.E.2d 912, 918 (Ind. 1998) (citations omitted). "[W]e do not need to determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencie*s." Little v. State, 819 N.E.2d 496, 501 (Ind. Ct. App. 2004), trans. denied*.

[14] "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. As a result, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. Whether a defendant received ineffective assistance of counsel is

a fact-sensitive determination requiring review of the original trial record. *Mitchell v. State*, 946 N.E.2d 640, 644 (Ind. Ct. App. 2011), *trans. denied*.

### *a. Jury Selection*

[15] Demaree argues that his trial counsel should have sought to remove several potential jurors from the panel, claiming they demonstrated bias against him. Specifically, one of the potential jurors, a schoolteacher, allegedly stated she knew that Demaree brought a gun to school as a youth. Also, two other potential jurors were allegedly married to one another.

[16] Demaree did not submit the jury selection transcript to the post-conviction court during the evidentiary hearing or ask the court to take judicial notice of the transcript. As a result, we are unable to review his claim. *See Mitchell*, 946 N.E.2d at 645 (panel unable to address Mitchell's claim of ineffective assistance; Mitchell did not present trial record during post-conviction hearing). In any event, during the post-conviction hearing, Demaree's trial attorney stated, "if I thought we had a biased juror, then I would have either asked the Judge to strike her for cause or exercised a peremptory." Tr. Vol. 2, p. 46. Demaree has failed to demonstrate that the post-conviction court erred on this issue.

### *b. Conflict of Interest*

[17] Demaree claims his trial counsel revealed during jury selection that he could not be impartial given the nature of the case, which established a conflict between counsel and his client. Once again, Demaree did not provide the jury

selection transcript to the post-conviction court during the hearing. Further, he did not ask his trial attorney about this issue during the post-conviction hearing. In the absence of any evidence to support his claim, the post-conviction court did not err in rejecting it.

### c. Jury Selection Transcript

[18] Demaree's trial counsel filed the Notice of Appeal for his direct appeal. Demaree alleges that when counsel requested a transcript of the trial, he explicitly directed the court reporter to not prepare a transcript of the jury selection process. Demaree argues that counsel's failure to request a complete transcript of the trial hindered his appellate counsel and deprived him of his constitutional rights.

[19] Demaree did not submit the Notice of Appeal or the jury selection transcript to the post-conviction court during the hearing or ask the court to take judicial notice of those documents. Demaree's trial counsel testified he did not request a jury selection transcript because he "didn't see any appealable issues arising out of voir dire." *Id.* at 35. Counsel made a strategic decision as to what claims were valid, and Demaree has failed to present evidence to establish that counsel's decision was deficient. He has failed to demonstrate the post-conviction court erred.

### d. Exculpatory Evidence

[20] Demaree claims his trial counsel failed to obtain his mobile phone records and driver log from the prosecutor, and those items would have established that he

was out of the state on the date that one of the molestations was alleged to have occurred. "While it is undisputed that effective representation requires adequate pretrial investigation and preparation, it is well settled that we should resist judging an attorney's performance with the benefit of hindsight." *McKnight v. State*, 1 N.E.3d 193, 200 (Ind. Ct. App. 2013). As a result, "establishing failure to investigate as a ground for ineffective assistance of counsel requires going beyond the trial record to show what investigation, if undertaken, would have produced." *Id.* at 201.

[21] Demaree did not offer the phone records or driver log as exhibits at the post-conviction hearing. Without them, the post-conviction court, and this Court, are unable to determine whether the outcome of the trial would have changed if counsel had timely obtained those documents for use at trial. Demaree has failed to establish reversible error.

### e. Transcript of Child's Interview

[22] For his final substantive point of error,[3] Demaree claims his trial counsel should have objected to the admission into evidence of a transcript of child's interview at "Susie's Place." Appellant's Br. p. 30. He claims that during the interview, the child identified a date when Demaree molested her, but his phone records and driver log would have demonstrated that he was out of the state on that

---

[3] As an additional claim of ineffective assistance of trial counsel, Demaree also argues, in passing, that trial counsel should have sought to prove "the identities of [an] unknown male and unknown individual." Appellant's Br. p. 25. He provides no cogent argument or citation to authority in support of this argument, and it is waived. Ind. Appellate Rule 46(A)(8)(a).

date. As a result, Demaree claims the transcript would not have been admitted, if counsel had objected to it, because it contained falsehoods. When a petitioner alleges ineffective assistance of counsel for failure to raise an objection, the petitioner must demonstrate that, had a proper objection been made, "the trial court would have had no choice but to sustain the objection." *McAfee v. State*, 459 N.E.2d 1186, 1188 (Ind. 1984).

[23] Once again, Demaree did not submit the phone records, driver log, or transcript to the post-conviction court, thereby failing to provide any evidence to support his claim. Further, even if Demaree had provided the missing documents to the post-conviction court, and even if we were to assume for the sake of argument that statements in the interview transcript were inconsistent with information in Demaree's driver log and phone records, any inconsistency would not necessarily have resulted in the exclusion of the transcript from evidence. "[C]onflicts [in the evidence presented] serve as a basis for attacking the credibility of the witnesses and the weight to be given their testimony," but the resolution of such conflicts is a question for the jury. *Taylor v. State*, 171 Ind. App. 476, 477, 358 N.E.2d 167, 169 (1976). The trial court thus may have allowed the interview transcript into evidence and allowed the jury to resolve any inconsistencies. We cannot conclude that the trial court would have had no choice but to sustain counsel's objection to the transcript, if one had been made. Demaree has failed to establish reversible error.

# Conclusion

[24] For the reasons stated above, we affirm the judgment of the trial court.

[25] Affirmed.

Baker, J., and Brown, J., concur.