STATE of Indiana, Appellant–
Respondent,

v.

Gregory VAN CLEAVE,
Appellee–Petitioner.

No. 49S00–9008–PD–541.

Supreme Court of Indiana.

May 28, 1997.

Pamela Carter, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Appellant–Respondent.

Susan K. Carpenter, Public Defender, Thomas C. Hinesley, Kenneth L. Bird, Joseph M. Cleary, Indianapolis, for Appellee–Petitioner.

## ON PETITION FOR REHEARING

BOEHM, Justice.

Petitioner Gregory Van Cleave seeks rehearing of our recent decision in *State v. Van Cleave*, 674 N.E.2d 1293· (Ind.1996), in which this Court reinstated his conviction for felony murder and remanded for a new sentencing hearing.

The Indiana Rules of Procedure for Post–Conviction Remedies have long required the trial court in a postconviction proceeding to make specific findings of fact and conclusions of law on "all issues presented." Ind. Post–Conviction Rule 1(6); *Davis v. State*, 263 Ind. 327, 330 N.E.2d 738 (1975). This ensures meaningful and expeditious disposition and review of all issues. In this case, the postconviction court, acting sua sponte, severed Van Cleave's ineffective assistance of trial counsel claim from his other claims. As the court directed, Van Cleave and the State presented evidence only on the effectiveness of Van Cleave's trial counsel.[1] The State strenuously objected to the bifurcation procedure, arguing that a reversal on appeal, as in fact occurred, would leave any remaining claims unresolved and, in the State's view, waived. Van Cleave did not object to bifurcated adjudication of his petition. As the State represented it would do at trial, the

---

1. Because the State did not appeal the vacation of the death sentence, all issues related to the original sentencing proceeding in this case are moot.

State has renewed its argument that any remaining claims in Van Cleave's petition are waived. Van Cleave, on the other hand, contends he is entitled to an evidentiary hearing on his remaining claims. He does not specify which claims, if any, he contends require further evidence. A review of his petition and several amendments indicates that voluntariness of his plea may be among them although, since the voluntariness claim was linked with the ineffective assistance of counsel claim, that is not entirely clear.

 Trial courts enjoy wide discretion in the management and conduct of trial proceedings. However, they must enter findings and conclusions on all issues as required by the Rules of Procedure for Post–Conviction Remedies. The interests of judicial economy, finality, and expeditious resolution of these claims are well served by requiring litigation of all claims in a single proceeding. P–C.R. 1(6). The issue remains as to the appropriate resolution here. We have been directed to no Indiana appellate decisions reviewing a grant or denial of postconviction relief in which the claims were bifurcated and no evidence was presented on some of the claims. The only issue argued in the appellate briefs in this case is whether relief was properly granted on the effective assistance of trial counsel aspect of Van Cleave's petition. If Van Cleave had invited the error, which precluded compliance with Rule 1(6), we would find the claims waived. However, because the trial court initiated the bifurcation we conclude that remand is required to permit the postconviction court to determine the viability of any remaining claims.

 This is not a case where it is clear from the face of the petition that any remaining claims lack merit. Cf. Robinson v. State, 493 N.E.2d 765, 767 (Ind.1986) ("when the petition conclusively demonstrates that petitioner is entitled to no relief, a hearing on the matter is unnecessary and the petition may be denied without further proceedings"). We leave it to the trial court to determine whether the record in this case is sufficiently developed to resolve any open issues. When a postconviction petitioner challenges the voluntariness of a guilty plea, as here, the reviewing court examines the whole record, including the record of the postconviction proceedings. White v. State, 497 N.E.2d 893, 905 (Ind.1986). The present record may shed some light on this issue, but the bifurcated procedure employed in the postconviction proceedings foreclosed Van Cleave from presenting further evidence, if he has any, on this claim. In Love v. State, 257 Ind. 57, 272 N.E.2d 456 (1971), reh'g denied, 274 N.E.2d 238, we remanded for findings on whether a guilty plea was voluntarily, knowingly, and freely given because the postconviction court's findings were insufficient to review the issue on appeal. Here we have no findings at all on the voluntariness of the plea, in addition to a possibly incomplete evidentiary record. Accordingly, we remand this case for further proceedings in the trial court consistent with the scheduling order accompanying this opinion.

Except to the extent addressed in this opinion, the petition for rehearing is denied.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

### ORDER

In postconviction proceedings, the trial court vacated the conviction and death sentence of Appellee, Gregory Van Cleave. On appeal, this Court reinstated the conviction plea and remanded for a new sentencing hearing. State v. Van Cleave, 674 N.E.2d 1293 (Ind.1996). In conjunction with today's opinion on rehearing, the Court DIRECTS the following:

By September 2, 1997, the trial court shall determine which, if any, claims raised in Appellee's postconviction relief petition remain to be resolved and whether an evidentiary hearing is necessary to resolve them. To assist its determination, the trial court may order the parties to submit briefs.

If the trial court determines that an evidentiary hearing is required, the trial court shall submit a proposed case management schedule for this Court's approval by September 16, 1997. The trial court shall confer with counsel about the proposed schedule, which shall provide for final judgment to be entered no later than February 2, 1998.

If postconviction relief is denied, the trial court shall re-sentence Appellee no later than April 3, 1998.

This order contemplates that the trial court will enter judgment on all remaining claims, if any, for postconviction relief, and, if relief is denied, will re-sentence Appellee before any appeal is taken.

The Clerk is directed to send copies of this order to the Honorable Tanya Walton Pratt, Judge, Marion Superior Court, Criminal Division 1; Susan Carpenter, Public Defender of Indiana; Jeffrey A. Modisett, Attorney General of Indiana; and counsel of record.

All Justices concur.