**Stanley P. TOAN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 10A05–9704–PC–139.

Court of Appeals of Indiana.

Feb. 10, 1998.

Stephen J. Beardsley, New Albany, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

Stanley Toan appeals the trial court's denial of his petition for post-conviction relief. Toan raises two issues for our review which we restate as:

(1) whether the post-conviction court erroneously denied Toan's petition for post-

conviction relief without a hearing; and,

(2) whether there was a sufficient factual basis to support Toan's guilty plea.

We affirm.

On May 8, 1985, Toan plead guilty to operating a vehicle while intoxicated, a class A misdemeanor. On September 12, 1996, he filed his petition for post-conviction relief. On October 16, 1996, the post-conviction court entered an order denying his petition without a hearing.

### I.

The first issue for our review is whether the post-conviction court erroneously denied Toan's petition for post-conviction relief without a hearing. Toan alleges that his petition for post-conviction relief raised questions of material fact pertaining to his trial counsel's failure to either know or advise him of the case law on operating a vehicle while intoxicated. Toan contends that this failure constitutes ineffective assistance of counsel. Specifically, Toan claims that his lawyer "did not advise him that [the facts in his case] were insufficient to support a conviction for operating" a vehicle while intoxicated. Appellant's brief, p. 6. Consequently, Toan argued in his petition that he would not have pled guilty had he known that the evidence was insufficient to support a conviction for operating a vehicle while intoxicated.

■ If a petition for post-conviction relief raises an issue of material fact, the post-conviction court must hold a hearing. Ind. Post–Conviction Rule 1, § 4(g); *Long v. State*, 570 N.E.2d 1316, 1318 (Ind.Ct.App. 1991). Yet, "[a]n evidentiary hearing is not required when the pleadings conclusively show the petitioner is not entitled to relief." *Long*, 570 N.E.2d at 1318 (citing PCR Rule 1, § 4(f)). Thus, we must determine whether the evidence supports the post-conviction court's conclusion that Toan was not entitled to relief on his claim of ineffective assistance of counsel.

■ We employ a two-step process where a petitioner has claimed ineffective assistance of counsel in connection with a guilty plea. First, the petitioner must dem-

onstrate that counsel's performance was sufficiently deficient. *Burse v. State,* 515 N.E.2d 1383, 1385 (Ind.1987); *Games v. State,* 690 N.E.2d 211, 213 (Ind.1997). To demonstrate deficiency, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864. Second, the petitioner must demonstrate that, due to counsel's alleged deficiency, prejudice resulted. *Id.* Our supreme court has held that the proper standard to be applied by the post-conviction court when determining whether prejudice resulted "is whether, considering the alleged deficiency, 'the ultimate result (his convictions) was fundamentally unfair or unreliable.'" *Games,* 690 N.E.2d at 214 (quoting *Games v. State,* 684 N.E.2d 466, 469 (Ind.1997), *reh'g granted, opinion modified,* 690 N.E.2d 211).

■ When applying the standard, we "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. The United States Supreme Court has instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* Similarly, it is not necessary to address both components of the standard "if the defendant makes an insufficient showing on one" of them. *Id.*

■ Here, Toan appeals from a negative judgment. When a defendant appeals from a negative judgment, the appellate court must be convinced that "'the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached' by the post-conviction court." *Games v. State,* 690 N.E.2d at 214 (quoting *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995), *reh'g denied* ). "'[I]t is only where the evidence is without conflict and leads to but one conclusion, and the [post-conviction] court has reached the opposite conclusion, that the de-

cision will be disturbed.'" *Games,* 690 N.E.2d at 214 (quoting *Fleenor v. State,* 622 N.E.2d 140, 142 (Ind.1993), *cert. denied,* 513 U.S. 999, 115 S.Ct. 507, 130 L.Ed.2d 415). As the post-conviction court focuses, in part, on the evidence of guilt to determine whether the proceeding is fundamentally unfair or unreliable, we "focus on whether there is evidence supporting the post-conviction court's judgment that the result was fair and reliable" when the post-conviction court has denied a defendant's petition. *Games,* 690 N.E.2d at 214. Further, where, as here, the appellant claims ineffective assistance of counsel caused the appellant to plead guilty, the appellant must show that there is a reasonable probability that he would have been found not guilty had he gone to trial on the charge. *State v. Van Cleave,* 674 N.E.2d 1293, 1296–1302 (Ind.1996), *reh'g granted in part,* 681 N.E.2d 181, *petition for cert. filed.*

■ To determine whether the evidence leads to the conclusion that Toan's conviction was fundamentally unfair or unreliable, we must consider the evidence on which a conviction for operating a motor vehicle while intoxicated would be supported. *See id.* Toan claims that his lawyer "did not advise him that [the facts in his case] were insufficient to support a conviction for operating" a vehicle while intoxicated. Appellant's brief, p. 6. Toan argues that there "was no proof that he was operating a motor vehicle." Appellant's brief, p. 9.

We have previously held that:

"[t]o sustain a conviction for operating while intoxicated, it is not sufficient for the State to show that the defendant merely started the engine. There must be some evidence to show the defendant operated the vehicle. Where the defendant has been found asleep with the engine running and the car is parked in a parking lot, this court has held that the evidence is not sufficient to show the defendant has operated the vehicle. To the contrary, where the defendant has been found asleep with the engine running and the car is sitting in a traffic lane or other travel portion of the roadway, this court has held that the evidence is sufficient to infer the defendant has operated the vehicle."

*Clark v. State*, 611 N.E.2d 181, 181–182 (Ind. Ct.App.1993) (citations omitted), *trans. denied.* The location of the vehicle at the time it is discovered is of substantial import. *Custer v. State*, 637 N.E.2d 187, 188 (Ind.Ct. App.1994). In *Custer,* we held that there was sufficient evidence to find that the defendant had operated the vehicle where he was found asleep in a vehicle parked on the side of a four-lane highway with its engine and heater running.[1] *Id.* at 188–189. We distinguished the facts in *Custer* from those in *Clark*, 611 N.E.2d 181, *Hiegel v. State*, 538 N.E.2d 265 (Ind.Ct.App.1989), *trans. denied,* and *Mordacq v. State*, 585 N.E.2d 22 (Ind.Ct. App.1992).

In *Hiegel* and *Clark*, both defendants were discovered in parking lots and their convictions were reversed. We held that the facts were insufficient to support an inference that the defendants had operated the vehicles while intoxicated. *Clark*, 611 N.E.2d at 182; *Hiegel*, 538 N.E.2d at 268. In *Mordacq*, the defendant was discovered asleep in a vehicle parked along a city street and her conviction was reversed. *Mordacq*, 585 N.E.2d at 27. In *Custer*, we explained that "parking along the side of a city street, an area normally used for such a purpose, is distinguishable from stopping along the side of a highway, an area that is used only for emergencies." *Custer*, 637 N.E.2d at 189.

■ Here, Officer Fisher found the vehicle at 4:30 in the morning "stuck off the side of [U.S. 31] with the engine still running" and the transmission in park. Record, p. 6. In addition, he found Toan passed out behind the steering wheel of the vehicle. These circumstances are similar to those in *Custer* in that both vehicles were found along side a highway with their engines running. *See id.* Being found in the circumstances revealed in the record would support the inference that Toan had operated the vehicle and that was how he and the vehicle came to where they were found. Thus, the evidence was sufficient to support a conviction had Toan proceeded to trial. Consequently, Toan's conviction for operating a vehicle while intoxicated is neither unfair nor unreliable.[2] Toan has not shown that he was prejudiced by the alleged deficiency in his counsel's performance and his claim of ineffective assistance must fail. *See Games*, 684 N.E.2d at 471. As the evidence conclusively shows that Toan was entitled to no relief, the post-conviction court properly denied Toan's petition for post-conviction relief without an evidentiary hearing.[3]

## II.

■ The second issue for our review is whether there was a sufficient factual basis to support Toan's guilty plea. We have held that "a factual basis can be established by a reading of the information or indictment and an admission by the defendant that the allegations are true." *Melton v. State*, 611 N.E.2d 666, 670 (Ind.Ct.App.1993), *trans. de-*

---

1. In *Custer,* the arresting officer received a radio report describing a vehicle "traveling southbound in the northbound lane of State Road 3" which matched the description of the vehicle which he found along side the highway. *Custer,* 637 N.E.2d at 188. We held that "even if we were to assume that the evidence is insufficient to establish that Custer was operating the vehicle at the time [of discovery], there is sufficient evidence to show that Custer had been driving the vehicle shortly before discovery." *Id.* at 189. Our decision today makes it clear that where the facts are similar to those in the instant case, additional evidence like the radio report is not necessary to find the evidence sufficient to establish operation of a vehicle.

2. Toan does not challenge and we do not discuss the evidence of his intoxication.

3. Toan also states that the post-conviction court "made no specific findings of fact or conclusions of law." Appellant's brief, p. 5. P-C.R. 1, § 6 requires the post-conviction court to "make specific findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *See Clayton v. State*, 673 N.E.2d 783, 786 (Ind.Ct.App.1996). However, we have previously held that "when the issues are sufficiently presented for review and addressed by the parties, the failure to enter specific findings of fact and conclusions of law is not reversible error." *Neville v. State*, 663 N.E.2d 169, 174 (Ind.Ct.App. 1996); *see also Herman v. State*, 526 N.E.2d 1183, 1184 (Ind.1988). Here, the issues are sufficiently presented and adequately addressed by the parties. Therefore, we find no error. *See also Morlan v. State*, 499 N.E.2d 1084, 1086 (Ind.1986) (When the claims raised by petitioner do not entitle him to relief, he has not been harmed by the trial court's failure to enter specific findings and conclusions).

*nied.* Our supreme court has held that a defendant's express acknowledgment that he was operating a vehicle while intoxicated constitutes a sufficient factual basis for accepting a defendant's guilty plea to that charge. *Fletcher v. State,* 649 N.E.2d 1022, 1023 (Ind. 1995).

Here, the trial court explained to Toan that a sufficient factual basis was required to support the acceptance of his guilty plea.[4] The court continued:

> "And therefore you would be, if you plead guilty to that, admitting that on or about January 29, 1985 on U.S. 31 Southbound, .6 miles north of Brownstown Road in Clark County, you did operate a motor vehicle while you were in a state of intoxication. Do you understand you'd be admitting that?
>
> [Toan]: Yes sir.
>
> The Court: Okay. And is that true?
>
> [Toan]: Yes sir."

Record, p. 20. Thus, Toan admitted the facts necessary to sustain a conviction.[5] Therefore, there is a sufficient factual basis to support Toan's guilty plea. *See Fletcher,* 649 N.E.2d at 1023; *Melton,* 611 N.E.2d at 670.

For the foregoing reasons, we affirm the order of the post-conviction court.

Affirmed.

RILEY and BARTEAU, JJ., concur.

---

4. Upon the court's inquiry, Toan also indicated to the trial court that it was "not necessary" to recitate his rights; to indicate those rights he would waive by entering a plea agreement; or to explain the minimum and maximum penalties involved. Record, pp. 14–15. In addition, he informed the trial court that he understood the plea agreement; had not been threatened or coerced into pleading guilty; and had not been promised special treatment beyond that which the State recommended in the plea agreement.

5. Although Toan now claims that the trial court "did not define the word 'operate' and did not define the term 'intoxication,'" we agree with the State that the record does not indicate that Toan did not understand these words. In fact, 'operate' and 'intoxication' are not terms of art. Rather, the words are of common usage. *The American Heritage Dictionary of the English Language* 686, 920 (1981).