**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA K. WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM A. JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  40A05-1204-CR-210 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE JENNINGS SUPERIOR COURT
The Honorable Gary L. Smith, Judge
Cause No. 40D01-1009-FD-446

**October 25, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant William A. Jones appeals his convictions for Operating While Intoxicated,[1] a class D felony, and False Informing,[2] a class B misdemeanor, challenging the sufficiency of the evidence. Specifically, Jones argues that the State failed to show that he was the driver of a vehicle or that he had supplied any false information to the police about the driver. Finding the evidence sufficient, we affirm Jones's convictions.

FACTS

On August 18, 2010, at approximately 4:00 a.m., Sandy Vance was asleep in her North Vernon home and woke up to a "crashing noise." Tr. p. 194-95. Sandy looked out a window and saw a truck in a ravine just outside her house. She called 911 and her husband, Barry, saw Jones enter the vehicle, start it, and attempt to back the vehicle out of the ravine.

A few minutes later, Jennings County Sheriff's Deputy Tom Webster arrived on the scene and approached Jones. Deputy Webster noticed that Jones was unsteady on his feet, smelled of alcoholic beverages, had watery eyes, and was slurring his speech. Jones claimed that he was "playing ball" with some friends in a nearby field and his friend,

---

[1] Ind. Code § 9-30-5-1(b), -3.

[2] Ind. Code § 35-44-2-2. This statute has been repealed and is now codified at Ind. Code § 35-44.1-2-3(d)(1). The substance of the present version of the statute has not changed from the one under which Jones was charged. Both versions of the statute provide that

> (d) A person who:

> (1) gives a false report of the commission of a crime or gives false information in the official investigation of the commission of a crime, knowing the report or information to be false. . . commits false informing, a Class B misdemeanor.

2

"John Smith," had been driving the vehicle. Deputy Webster again asked who the driver was, and Jones responded that it was "John Smitz." Tr. p. 76. Jones also told Deputy Webster that his friends "went off that way." Id.

Sergeant Jeff Jones of the Jennings County Sheriff's Office arrived and also noticed that Jones smelled of alcohol, had glassy and bloodshot eyes, and was slurring his speech. Deputy Webster asked Sergeant Jones to stay at the scene while he spoke with the 911 caller and investigated whether Jones's friends were in the area.

Deputy Webster interviewed Barry, who told him that Jones appeared to be driving the vehicle and that no one else was in the area. Barry then gave Deputy Webster permission to walk around the property to investigate whether Jones's friends might be nearby. As Deputy Webster was walking back, Sergeant Jones noticed that Deputy Webster had made tracks in the morning dew with his footprints. And despite Jones's assertion about other individuals being in the area, there were no footprints in the dew other than those that Deputy Webster had just made. Jones then admitted that he had been drinking and changed his story several times about who was with him and which way they had run.

Concluding that Jones was intoxicated, Deputy Webster arrested Jones and transported him to the jail to administer field sobriety tests. Upon arriving at the jail, Deputy Webster administered a field sobriety test that Jones failed. Deputy Webster then administered the datamaster program, which is a machine that measures blood alcohol content. Jones's blood alcohol content was .22.

3

Back at the scene of the crash, Sergeant Jones took several photographs and noticed that wet mud had sprayed into the fender area of the vehicle. Sergeant Jones concluded that this type of mud spatter indicated that someone had attempted to move the vehicle after impact.

On September 24, 2010, Jones was charged with operating a motor vehicle with an alcohol concentration equivalent to .15 grams, a class A misdemeanor; operating while intoxicated, a class C misdemeanor; and false informing, a class A misdemeanor. The State also filed a separate information alleging that Jones had a conviction in 2006 for operating while intoxicated within five years preceding the charged offense, making the operating offense in this case a felony. Following a jury trial that concluded on March 8, 2012, the jury convicted Jones as charged, except for the false informing charge. The jury found Jones guilty of this charge as a class B misdemeanor. Jones also admitted that he had a prior conviction in 2006 for operating while intoxicated.

Citing double jeopardy concerns, the trial court vacated all of Jones's convictions except for the class D felony operating while intoxicated charge and the false informing charge. Thereafter, Jones was sentenced to three years on the class D felony charge with two years suspended. The trial court also imposed a 180-day sentence for false informing, of which 120 days were suspended to probation. That sentence was ordered to run concurrently with the sentence for operating while intoxicated. Jones now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

When reviewing a challenge to the sufficiency of the evidence, we do not reweigh the evidence or reassess the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), trans. denied. We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. Id. We will affirm the conviction if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Also, the State's evidence need not overcome every reasonable hypothesis of innocence. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012). A conviction for operating while intoxicated can be sustained on circumstantial evidence alone. Dorsett v. State, 921 N.E.2d 529, 531-32 (Ind. Ct. App. 2010).

### II. Jones's Claims

### A. Operating While Intoxicated

As noted above, Jones claims that his conviction for this offense must be vacated because there was no proof that he was the driver of the vehicle. To convict Jones of the offense as a class D felony, the State was required to prove that on or about August 18, 2010, Jones operated a "vehicle with an alcohol concentration equivalent to at least . . . 0.15 gram of alcohol per . . . 210 liters of the person's breath," and that he had a previous conviction of operating while intoxicated within the last five years. I.C. §§ 9-30-5-1(b); 9-30-5-3.

5

In this case, the evidence demonstrated that Deputy Webster spoke with Barry, who informed him that Jones was the only individual at the truck and Jones had attempted to drive the vehicle out of the ravine. Tr. p. 77-78, 177. Sandy also testified that she saw Jones trying to back the truck out of the ditch. Id. at 203.

Jones suggests that the State relied on one set of footprints in the dew as the sole means of proving its case. Appellant's Br. p. 9-11. However, it is apparent that the State relied on the Vances' testimony that they saw Jones enter the driver's side of the truck, start it, and try to drive out of the ravine. Id. at 77-78, 177, 191, 203. These observations were further corroborated by Sergeant Jones's observation that the mud he saw on the fender of the vehicle was consistent with Jones's attempt to force the truck out of the ravine. Id. at 48-49.

In light of the evidence that was presented at trial, we find that Jones's action of entering the truck, starting it, and attempting to back it out of the ravine was sufficient to prove that he was the driver. As a result, we decline to set aside Jones's conviction on this offense. See Custer v. State, 637 N.E.2d 187, 189 (Ind. Ct. App. 1994) (holding the evidence sufficient to support a finding that the defendant was driving the vehicle for purposes of a conviction for driving while intoxicated when he was discovered along the side of a four-lane highway).

### B. False Informing

Jones also argues that his conviction for this offense must be set aside because "the State did not present reliable evidence that Jones gave [the] police false

information." Appellant's Br. p. 16. To convict Jones of false informing as a class B misdemeanor, the State was required to prove that Jones falsely reported the commission of a crime or gave false information in the official investigation of the commission of a crime while knowing the report or information to be false. I.C. § 35-44-2-2.[3]

Here, the evidence established that Jones knowingly informed the police officers that a fictitious individual by the name of either "John Smith" or "John Smitz" drove the truck into the ravine. Tr. p. 41-42, 55-56, 76-78. A reasonable inference could thus be drawn that Jones lied to the police about his involvement in the accident and also misled the officers into believing that another person was involved. Id. at 41-42, 55-56, 76-78, 154.

Jones's arguments to the contrary are an invitation for us to reweigh the evidence and credit his self-serving statements. We decline such an invitation and conclude that the evidence was sufficient to support Jones's conviction for false informing.

The judgment of the trial court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.

---

[3] As previously noted, this statute is now recodified at Indiana Code section 35-44.1-2-3(d)(1).