**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY MARCUM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1403-CR-111 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Cook, Judge
Cause No. 49F07-1306-CM-37525

**October 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Following a bench trial, Gary Marcum was convicted of operating a vehicle while intoxicated as a Class A misdemeanor.[1] Marcum appeals his conviction, contending there was insufficient evidence that he was "operating a vehicle." We affirm.

In the afternoon of June 7, 2013, Joy Church was driving on 14th Street in Indianapolis when she encountered a pickup truck that was positioned diagonally across both lanes of traffic. She had to drive off the road in order to go around the truck and continue on her way to see her husband who worked in the immediate vicinity. As she drove past, she saw the driver slumped over the steering wheel. She told her husband he "look[ed] like he might be dead," Transcript at 8, and he accompanied her back to the truck. They realized the driver, identified as Marcum, was just passed out and were able to wake him. Church called 911 and then stayed with Marcum until the police came. The keys were in the ignition, and the truck was in gear but was not running. Church explained it was "a stick shift . . . [v]ehicle, so, if you would pass out at that point and [sic] time in your vehicle and your foot goes off the clutch the car . . . is going to die." Id. at 11. When Church told Marcum he was blocking traffic, "he started his vehicle and . . . I talked him out of moving it." Id.

At trial, the parties stipulated that Marcum was intoxicated when Church and later, a police officer, encountered him.[2] Marcum testified that he had parked his truck in a parking spot on 14th Street on June 6 when his wife was taken to a nearby hospital. He

---

[1] Marcum was also charged with and convicted of operating a vehicle with a blood alcohol concentration greater than 0.15, a Class A misdemeanor. The trial court merged this count with the operating while intoxicated count for sentencing purposes, and it is not at issue here.

[2] For purposes of the second charge, the parties also stipulated to the admission of a lab report showing the ethyl alcohol concentration of his blood on that date and time was .32%.

returned to it the afternoon of June 7 to smoke a cigarette, listen to the radio, and retrieve his prescription medication. When looking for his prescription, he came across an unopened bottle of vodka and drank it all. He further testified that he "must've accidentally hit the clutch" when he reached over to the passenger side to reach his medication because the truck rolled out into the middle of the street. Id. at 27. "I freaked out and I just struck my head on the steering wheel [and] started crying because of my wife . . . ." Id. at 28. The trial court found the State had proven the elements of operating while intoxicated beyond a reasonable doubt.

To prove operating while intoxicated as charged, the State was required to prove that Marcum had 1) operated a vehicle; 2) while intoxicated; 3) in a manner that endangered a person. Ind. Code § 9-30-5-2(b) (2013). Again, the parties stipulated that Marcum was intoxicated, and Marcum does not contest the endangerment element. The only question presented on appeal is whether Marcum "operated a vehicle."

In determining the sufficiency of evidence, we neither reweigh the evidence nor judge the credibility of the witnesses and we consider only the evidence favorable to the judgment and all reasonable inferences therefrom. Smith v. State, 8 N.E.3d 668, 679 (Ind. 2014). If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we will affirm. Caruthers v. State, 926 N.E.2d 1016, 1022 (Ind. 2010).

It is true that no one testified to seeing Marcum operate the vehicle. Whether a defendant has "operated" a vehicle is a question of fact to be determined by examining the surrounding circumstances. Custer v. State, 637 N.E.2d 187, 188 (Ind. Ct. App.

1994). Thus, operation of a vehicle can be proven by circumstantial evidence. Jellison v. State, 656 N.E.2d 532, 535 (Ind. Ct. App. 1995). An important "surrounding circumstance" is the location of the vehicle when it is discovered. Custer, 637 N.E.2d at 188. In Mordacq v. State, the defendant was found asleep in a running car parked along a city street and this court held there was insufficient evidence she had operated her vehicle in part because there was no evidence that the car was stopped in the travel portion of the roadway. 585 N.E.2d 22, 24 (Ind. Ct. App. 1992). Conversely, in Taylor v. State, the defendant was found passed out in a truck that was not running and did not have its lights on, but was positioned on a public street in the intersection with an alley, "rearending" a parked car, which this court held was sufficient evidence he had operated the vehicle. 560 N.E.2d 100, 102 (Ind. Ct. App. 1990), trans. denied. Essentially, where the vehicle is positioned such that it gives rise to the reasonable inference that the defendant had operated the vehicle after becoming intoxicated in order to get it to that location, the evidence is sufficient.

Such is the case here. Marcum was found passed out in a vehicle positioned diagonally across both lanes of a street with the keys in the ignition and the vehicle in gear. It reasonably could be inferred that he was in the process of leaving or intended to leave the parking space when he passed out. It might be that the evidence supports other reasonable inferences, but we will not reweigh the evidence as Marcum asks. Sufficient evidence supports the trial court's judgment.

Affirmed.

BAKER, J., and KIRSCH, J., concur.